THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>　　　　　　Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act (FDCPA) and the Washington Consumer Protection Act (WCPA) by filing a debt collection suit against him in an improper venue. (Dkt. No. 1 at 1-3.) The FDCPA provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action *only in the judicial district or similar legal entity* in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2) (emphasis added). Plaintiff was a Seattle resident at the time the suit was filed, and the

underlying contract was signed in Whatcom County.[1] (*See* Dkt. No. 16 at 8, 17.) Defendant filed suit in the King County District Court, South Division, Burien Courthouse. (Dkt. No. 1 at 2.) Defendant did so pursuant to King County General Administrative Order (GAO) 13-08 stating:

> In order to promote prompt and efficient customer service the Court has deemed it necessary to pre-assign certain civil collection cases to specific court locations.
> . . .
> Unless otherwise ordered by the court, the following civil collection cases shall be heard at the Burien Courthouse, South Division, King County District Court:
> All civil collection cases filed by or on behalf of AllianceOne Receivables Management, Inc.

(Dkt. No. 16 at 4.) Plaintiff alleges that the South Division constitutes a separate "judicial district or similar legal entity" under § 1692i(a)(2). (*See* Dkt. No. 20 at 1.) Therefore, he argues, Defendant violated the FDCPA and the WCPA by bringing suit there. (Dkt. No. 20 at 1.)

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to

---

[1] Defendant asks the Court to take judicial notice of documents regarding the factual background of this case. (Dkt. No. 16 at 1.) At any stage of a proceeding, the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (d). The Court must take such notice if a party requests it and supplies the Court with the necessary information. Fed. R. Evid. 201(c)(2). Plaintiff does not object to the Court judicially noticing these documents. Defendant's request for judicial notice (Dkt. No. 16) is GRANTED.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotes omitted). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

B.   Analysis

As a preliminary matter, the parties dispute whether Defendant can be penalized under the FDCPA for following a court order. (*See* Dkt. No. 15 at 2; Dkt. No. 20 at 8-9.) The FDCPA preempts conflicting state law. 15 U.S.C. § 1692n. Federal preemption applies equally to court orders. *See, e.g.*, *Carpenters Pension Trust for S. Calif. v. Kronschnabel*, 632 F.2d 745, 747 (9th Cir. 1980) (considering whether ERISA preempted state court order); *Metro. Life Ins. Co. v. McShan*, 577 F. Supp. 165 (E.D. Cal. 1983) (concluding that FEGLIA preempted state court order). Defendant's compliance with a court order does not *per se* extinguish its duty to comply with the FDCPA.

Thus, the question is whether GAO 13-08 conflicts with the FDCPA—specifically, whether each division of the King County District Court constitutes a separate "judicial district or similar legal entity" within the meaning of § 1692i(a).

The Ninth Circuit has not addressed this question. It has established only that separate counties—rather than entire states—constitute separate judicial districts under the FDCPA. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994). In reaching this conclusion, the court noted that the state provided a formal mechanism to transfer cases between courts in different counties. *Id.*

Plaintiff cites *Suesz v. Med-1 Solutions Inc.,* 757 F.3d 636, 638 (7th Cir. 2014), where the Seventh Circuit determined that township small claims courts in Marion County, Indiana were separate judicial districts under the FDCPA. *Id.* at 639. The court adopted a "venue approach,"

holding that "judicial district or similar legal entity" means "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Id.* at 644, 647. The court reasoned that this approach "adapts the FDCPA venue provision in § 1692i to the varied court systems among and within the states." *Id.* at 647. To illustrate, the court explained that Marion County's small claims courts have concurrent jurisdiction with the circuit and superior courts over small claims cases. *Id.* at 648. If a debt collector files suit in a circuit or superior court, venue is county-wide. *Id.* However, if a debt collector files suit in a small claims court, venue is determined at the township level. *Id.* Thus, the court concluded, the township small claims courts were separate judicial districts for purposes of the FDCPA. *Id.* at 639.

While *Suesz* is not binding here, the Court finds its reasoning sound and consistent with *Fox*. Accordingly, the Court looks to *Suesz* as persuasive authority.

With that in mind, the Court turns to the system at issue here. The South Division is one of three divisions of the King County District Court. *See* Local Administrative Rule (LARLJ) 0.17. "Venue," as prescribed in the Washington venue statute, includes both the "district" venue and the "division" venue of the King County District Court. Local Civil Rule (LCRLJ) 3.1. Thus, each administrative subdivision would be "the smallest geographic area that is relevant for determining venue." *See Suesz*, 757 F.3d at 644. And, as in *Fox*, the King County rules provide a method by which a case can be transferred between divisions. *See* LARLJ 0.18. The Court concludes that the divisions of the King County District Court constitute judicial entities for the purposes of § 1692i. Plaintiff has thus articulated an actionable claim under the FDCPA.

Plaintiff's WCPA claim is predicated on the alleged FDCPA violation. (*See* Dkt. No. 20 at 12.) An FDCPA violation constitutes a *per se* violation of the WCPA. *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009). Plaintiff has articulated an actionable claim under the WCPA as well.

**III. CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 15) is DENIED.[2]

DATED this 18 day of November 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff moves to strike section five of Defendant's reply brief, arguing that it raises a new argument. (Dkt. No. 23 at 1.) However, Defendant was addressing an issue raised in Plaintiff's response brief. (*See* Dkt. No. 20 at 11; Dkt. No. 21 at 6.) The motion to strike (Dkt. No. 23) is also DENIED.

ORDER DENYING MOTION TO DISMISS
PAGE - 5