THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>  Plaintiff,<br><br>  v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>  Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER ON MOTIONS TO DISMISS BY DEFENDANTS AUDIT & ADJUSTMENT COMPANY, INC. AND KIMBERLEE WALKER OLSEN |

This matter comes before the Court on the motions by Defendants Audit & Adjustment Company, Inc. and Kimberlee Walker Olsen to dismiss claims by Plaintiffs Portia Jones and Scott Jones (Dkt. Nos. 42, 43). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES in part and GRANTS in part the motions for the reasons explained herein.

**I.  BACKGROUND**

Plaintiffs Portia Jones and Scott Jones allege that Defendant Audit & Adjustment Company, Inc., by way of its attorney, Defendant Kimberlee Walker Olsen, filed a debt collection suit against the Joneses in an improper venue. (C16-0055-MJP, Dkt. No. 12 at 3.) The Joneses assert that this conduct violated the Fair Debt Collection Practices Act (FDCPA) and the

Washington Consumer Protection Act (WCPA), and constituted civil conspiracy. (*Id.* at 8-9, 13.)

The FDCPA provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action *only in the judicial district or similar legal entity* in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2) (emphasis added).

Audit and Olsen filed suit in the King County District Court, West Division, Seattle Courthouse. (C16-0055-MJP, Dkt. No. 1 at 4.) They did so pursuant to King County General Administrative Order 13-08,[1] which states:

> In order to promote prompt and efficient customer service the Court has deemed it necessary to pre-assign certain civil collection cases to specific court locations.
>   . . .
> Unless otherwise ordered by the court, the following civil collection cases shall be heard at the Seattle Courthouse, West Division, King County District Court:
> All civil collection cases filed by or on behalf of Audit and Adjustment and Asset Management.
>   . . .
> All civil collection cased [sic] filed by Kimberlee Olsen, Owen Whales and Jason Woehler on behalf of their clients.

(Dkt. No. 16 at 4.) The Joneses were Federal Way residents at the time the suit was filed. (C16-0055-MJP, Dkt. No. 12 at 7.) Federal Way is in the South Division of King County District Court. (C16-0055-MJP, Dkt. No. 12 at 5.)

The Joneses allege that the West Division constitutes a separate "judicial district or similar legal entity" under § 1692i(a)(2). (*See* C16-0055-MJP, Dkt. No. 22 at 3.) Therefore, they argue that Audit and Olsen violated the FDCPA and the WCPA and committed civil conspiracy by bringing suit in the Seattle courthouse. (*Id.* at 2.)

---

[1] Audit asks the Court to take judicial notice of King County rules and orders. (Dkt. No. 42 at 2.) The request is granted. *See* Fed. R. Evid. 201(b)(2), (d).

ORDER ON MOTIONS TO DISMISS BY
DEFENDANTS AUDIT & ADJUSTMENT
COMPANY, INC. AND KIMBERLEE WALKER
OLSEN
PAGE - 2

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotes omitted).

### B. Analysis

#### 1. FDCPA Claims

Regarding the challenges Defendants make to the Joneses' FDCPA claims, the Court has already addressed these issues in a previous order. (*See* Dkt. No. 26.) There, the Court agreed with Plaintiff Timothy Linehan that each division of the King County District Court constitutes a separate "judicial district or similar legal entity" within the meaning of § 1692i(a). (*Id.* at 4; *accord* C15-1196-RSL, Dkt. No. 85). The Court thus concluded that Linehan articulated an actionable claim under the FDCPA. (Dkt. No. 26 at 4.) The Court reaches the same conclusion here and DENIES Defendants' motions as to the Joneses' FDCPA claims.

#### 2. WCPA Claims

Regarding the Joneses' WCPA claims, Audit argues that it cannot be held liable, because under Washington law, a client is not vicariously liable for its attorney's actions; Audit is entitled

ORDER ON MOTIONS TO DISMISS BY
DEFENDANTS AUDIT & ADJUSTMENT
COMPANY, INC. AND KIMBERLEE WALKER
OLSEN
PAGE - 3

to a litigation privilege; and the Joneses' claim fails to support the *Hangman Ridge*[2] test for WCPA claims. (Dkt. No. 42 at 17-18.) Olsen echoes Audit's argument that the Joneses' claim fails to meet the test for WCPA claims set forth in *Hangman Ridge*. (Dkt. No. 43 at 19.)

The Court first addresses the argument that the Joneses' claim fails to satisfy the requirements for a WCPA claim. Subsequent to the *Hangman Ridge* decision, the Washington Supreme Court held that, "[w]hen a violation of debt collection regulations occurs, it constitutes a *per se* violation of the CPA." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009). In so holding, the court specifically cited to the FDCPA. *Id.* Here, the Court concluded that Defendants' filing of the debt collection lawsuit in the Seattle courthouse violated § 1692i, a debt collection regulation. Thus, as *Panag* explicitly holds, Defendants' conduct *per se* constitutes a violation of the WCPA.

The Court similarly rejects Audit's vicarious liability claim. First, under the language of § 1692i and *Panag*, it would be illogical to hold that a debt collector could be immune from FDCPA requirements—and, thus, the requirements of the WCPA—so long as it was represented by an attorney. This is especially true given that many debt collectors are corporations, which may not proceed *pro se*. *See Ahman v. Town of Springdale*, 314 P.3d 729, 732 (Wash. Ct. App. 2013) ("[C]orporations appearing in court must be represented by an attorney."). Moreover, the cases Audit cites pertain to attorneys whose conduct falls outside the scope of their agency. *See, e.g.*, *Fite v. Lee*, 521 P.2d 964, 969 (Wash. Ct. App. 1974); *Demopolis v. Peoples Nat. Bank of Wash.*, 796 P.2d 426, 433 (Wash. Ct. App. 1990). Here, one cannot seriously argue that Olsen acted outside the scope of her agency as Audit's attorney by filing a lawsuit on Audit's behalf.

Finally, regarding Audit's litigation privilege claim, this privilege pertains to witness

---

[2] 719 P.2d 531 (Wash. 1986) (setting forth five elements of a WCPA claim: (1) an unfair or deceptive act or practice, (2) that the act or practice complained of occurred in the conduct of trade or commerce, (3) a public interest showing, (4) a showing that plaintiff was injured in his or her business or property, and (5) causation).

ORDER ON MOTIONS TO DISMISS BY
DEFENDANTS AUDIT & ADJUSTMENT
COMPANY, INC. AND KIMBERLEE WALKER
OLSEN
PAGE - 4

testimony given in judicial proceedings. *See Wynn v. Earin*, 181 P.3d 806, 810 (Wash. 2008). It is irrelevant here.

Defendants' motions are DENIED as to the Joneses' WCPA claims.

### 3. Civil Conspiracy Claims

The Joneses also raise a civil conspiracy claim against Defendants. (C16-0055-MJP, Dkt. No. 1 at 8.) A civil conspiracy exists where "two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself by unlawful means." *Corbit v. J.I. Case Co.*, 424 P.2d 290, 295 (Wash. 1967). The Joneses argue that Audit and Olsen conspired with one another with the intent of bringing actions in an improper forum to disadvantage debtors. (C16-0055-MJP, Dkt. No. 12 at 13.)

Olsen asserts that the civil conspiracy claims must be dismissed, because an attorney and client cannot be co-conspirators. (Dkt. No. 43 at 23.) The Court is persuaded by this argument. Under Washington law, " 'the relation of an attorney to his client is one of agency.' " *Herman v. Safeco Ins. Co. of Am.*, 17 P.3d 631, 633 n.3 (Wash. Ct. App. 2001) (quoting 7A C.J.S. ATTORNEY & CLIENT § 180 at 282 (1980)). Where an agent is acting within the scope of his or her agency, the agent's acts are legally considered to be the acts of the principal; thus, there can be no conspiracy. *Cf. Corbit*, 424 P.2d at 295 n.3 (concluding that a conspiracy cannot exist between a parent corporation and its subsidiary); *see also* C.J.S. CONSPIRACY § 20 ("[A]n agent acting within the scope of his or her representation cannot conspire with the principal.").

Here, it is undisputed that Olsen was acting within the scope of her agency as Audit's attorney when she filed the underlying suit. (*See* Dkt. No. 43 at 24; C16-0055-MJP, Dkt. No. 22 at 3.) The Court therefore GRANTS the motion as to the Joneses' civil conspiracy claims.

## III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 42, 43) are DENIED in part and GRANTED in part. The Court DENIES the motion as to Plaintiffs' claims

1 under the FDCPA and the WCPA. The Court GRANTS the motion as to Plaintiffs' civil

2 conspiracy claims.

3      DATED this 11th day of April 2016.

<br>

                                            */s/ John C. Coughenour*

                                            John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS TO DISMISS BY
DEFENDANTS AUDIT & ADJUSTMENT
COMPANY, INC. AND KIMBERLEE WALKER
OLSEN
PAGE - 6