UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY LINEHAN, on behalf of Plaintiff
and a class,

                    Plaintiff,

        v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

                    Defendant.

CASE NO. C15-1012-JCC

ORDER ADDRESSING
DISPUTED ISSUES

United States District Judge John C. Coughenour referred four disputed issues in this consolidated matter to the undersigned for consideration under 28 U.S.C. § 636(b)(1). (Dkt. 104.) The issues include: (1) the imposition of case deadlines, including the deadline for the filing of class certification motions, even if those deadlines must be modified at a later date; (2) a determination of rights of non-participating parties to access discovery; (3) a determination of whether this case shall be consolidated for trial or for only pretrial matters; and (4) a determination of remaining questions regarding the electronically stored information (ESI) agreement. (*Id*. and Dkt. 117 at 2.)

ORDER RE: DISPUTED ISSUES
PAGE - 1

The parties to this consolidated proceeding include: (1) in No. C15-1012, plaintiff Timothy Linehan and defendant AllianceOne Receivables Management, Inc. ("AllianceOne"); (2) in No. C15-1196, plaintiffs Theresa Mosby, Kelsey Erickson, Marilyn Cormier, Ricardo Ayon, Rebecca Foutz, Renee Conroy and defendants Merchants Credit Corporation ("Merchants"), Eric Bakke, Jason Woehler, Robert Friedman; (3) in No. 16-0055, plaintiffs Scott and Portia Jones and defendants Audit & Adjustment Company, Inc. ("Audit"), Kimberlee Walker Olsen; and (4) in No. 16-0025, plaintiff Joshua Auxier and defendants Physicians & Dentists Credit Bureau, Inc. ("P&D), Jason Woehler.  As directed, the parties submitted a joint statement addressing the issues in dispute.  (Dkt. 113.)  Now, having considered the joint statement, along with the remainder of the record, the Court finds and concludes as follows:

(1)     Case Deadlines

Plaintiffs seek to delay the entry of a Case Scheduling Order.  They request that, following a ruling on pending motions to dismiss, all counsel should hold a scheduling conference and, within one week of that conference, submit a new Joint Status Report for the Court to utilize in issuing a new comprehensive scheduling order, encompassing all scheduling deadlines for the consolidated action.  Defendants request entry of a Case Scheduling Order. Defendant Olsen requests such an order be entered as soon as possible in order to guide the parties with respect to the timing of discovery and class certification motions.

Pursuant to the Federal Rules of Civil Procedure:  "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."  Fed. R. Civ. P. 16(b)(2).  The written scheduling order "shall include, among other things, deadlines for the completion of discovery and the filing of

1    dispositive motions."  LCR 16(b)(1).  The Court may combine an order determining the course

2    of proceedings in a proposed class action with an order under Rule 16.  Fed. R. Civ. P. 23(d)(2).

3         Plaintiffs do not identify and the undersigned does not find any reason for further delay in

4    the entry of a Case Scheduling Order.  The Court lifted the stay on the two pending motions to

5    dismiss (*see* Dkts. 40 & 61) and re-noted them for consideration on August 12, 2016.  (Dkt. 110.)

6    The Court also recently denied a motion to strike class claims.  (Dkt. 117.)  As indicated in the

7    Order denying the motion to strike and calling for the imposition of a new deadline for class

8    certification motions, the Court is eager to move this case along.  (Dkt. 117.)  A Case Scheduling

9    Order will follow this Order.

10        Plaintiff Lineham raises a separate request for immediate leave to commence discovery.

11   Defendant AllianceOne does not oppose this request, outside of reserving its position on

12   producing ESI, discussed below.   The Court, as such, herein GRANTS plaintiff Linehan's

13   request for leave to commence discovery.

14             (2)    Rights of Non-Participating Parties to Access Discovery

15                    A.    Written discovery:

16        Plaintiffs contend allowing non-participating parties to obtain written discovery

17   responses from plaintiffs in other consolidated actions is unnecessary, a waste of resources, and

18   would violate their rights to privacy in revealing confidential information.  Defendants, with one

19   exception, do not directly address the right to access written discovery, other than to state that the

20   Stipulated Confidential Protective Order (SCPO) entered by the Court contains "limits to certain

21   information that will be shared among the separate cause numbers" in this consolidated matter.

22   (Dkt. 113 at 5.)  Defendant Olsen separately avers that, while the SCPO does not permit the

23   service of discovery requests on parties in other consolidated actions (*see* Dkt. 96 at 4), it clearly

ORDER RE: DISPUTED ISSUES
PAGE - 3

1   contemplates those parties may receive non-confidential discovery responses.  Olsen requests the

2   Court require the consolidated parties to produce any discovery responses in this case to all

3   parties, subject to the limitations in the SCPO.

4          The SCPO directly addresses plaintiffs' privacy concerns by providing that "confidential

5   information specific to the respective Plaintiffs and Defendants in these consolidated actions

6   shall not be shared between the parties."  (Dkt. 96 at 4.)  (*See also id*. at 5 (providing for

7   inclusion of confidential information withheld "on a privilege log that shall be distributed to

8   parties from whom the respective documents are withheld."))  The SCPO also clarifies that

9   parties to the individual cases "are entitled to serve discovery requests only to each other" (*id*. at

10  4), but does not address whether or not and/or how non-participating parties may access non-

11  confidential discovery responses produced in other cases.

12         The Court does not find it appropriate to require the consolidated parties to produce all

13  non-confidential discovery responses to all other parties.   The SCPO does not clearly

14  contemplate any such requirement, which could prove both burdensome and unnecessary.  At the

15  same time, plaintiffs set forth no basis for precluding access to non-confidential discovery

16  materials by some other means, such as the voluntary sharing of documents between the

17  consolidated parties.  The Court, accordingly, declines to prohibit access, as a general matter, to

18  non-confidential written discovery.

19                B.      Depositions:

20         Plaintiffs argue it would be burdensome and harassing to require submission to

21  deposition questioning from defense counsel in other cases.  They propose that only parties to

22  cases, and their counsel, be entitled to attend party depositions, or that, if permitted to attend,

23  counsel for parties in other cases should not object or ask questions of the party deponent.

ORDER RE: DISPUTED ISSUES
PAGE - 4

Plaintiffs aver counsel for all parties should be permitted to participate fully in third-party discovery, such as depositions of non-parties, relating to all of the consolidated actions.

Defendants Merchants, Woehler, Bakke, Audit, AllianceOne, and P&D agree that parties and attorneys should not be permitted to attend and/or participate in depositions of parties not part of their cause numbers, given the threats posed to confidential information. They otherwise appear to agree with plaintiffs regarding depositions of non-parties, stating there may be certain fact witnesses whose depositions all parties can attend, and where consolidated attendance, where feasible, could be beneficial to witness convenience.

Defendant Olsen requests the Court permit the consolidated parties to attend and participate in the depositions of all other consolidated parties. She avers her attendance at other defendants' depositions is particularly important where plaintiffs have sought discovery of defendants' communications. She suggests bifurcating depositions to account for portions addressing confidential information.

The parties agree and the Court concludes all consolidated parties may participate fully in third-party discovery relating to all of the consolidated actions. However, the request that all consolidated parties be allowed to attend and participate in depositions of all other parties is DENIED. This request poses a substantial risk of disclosure of confidential information and raises practical concerns relating to the timing, expense, and number of participants involved in the party depositions.

(3)    <u>Scope of Consolidation</u>

Plaintiffs maintain the four currently consolidated cases should remain consolidated for all pre-trial purposes, but tried separately. Plaintiffs assert a fifth case involving similar claims, *Simmons et al. v. Asset Recovery Group, Inc., et al.*, No. 16-0794-RSM, should be consolidated

ORDER RE: DISPUTED ISSUES
PAGE - 5

for pre-trial purposes, but also tried separately.  Defendants Merchants, Woehler, Bakke, Audit, Friedman, AllianceOne, and P&D agree this matter should not be consolidated for trial. Friedman, a defendant in *Simmons*, agrees that case should be consolidated for discovery purposes, but not for trial.

Defendant Olsen argues the cases should be deconsolidated as soon as practicable after the Court rules on pending motions to dismiss.  Olsen believes there are likely to be few, if any, common legal or factual issues, or overlap in claims, applicable to all consolidated parties after rulings on common legal issues, and no added convenience from consolidation for pretrial matters.  She contends maintaining consolidation through the class certification process would result in simultaneous, fact-specific class certification motions applicable only to the parties to the original cases, likely causing confusion and delay, and that the varying damages at issue renders consolidation for trial inappropriate.

As agreed by all parties, the individual cases in this matter should not be consolidated for trial.  Any determination to the contrary appears premature and, as suggested by some of the defendants, appropriate for motions practice should any party later seek trial consolidation.

The *Simmons* case appears to raise the same legal issue and similar underlying facts as those in the consolidated matter; namely, that the named defendants filed debt collection lawsuits in a division where debtors did not reside and where the underlying contract was not formed. *See Simmons*, No. C16-794-RSM (Dkt. 1).   The undersigned recommends *Simmons* be transferred to Judge Coughenour and the Court thereafter issue an order consolidating *Simmons* with the underlying matter.

Defendant Olsen's request that the cases be deconsolidated following rulings on the motions to dismiss is DENIED.  The Court has already exercised its substantial discretion to

ORDER RE: DISPUTED ISSUES
PAGE - 6

consolidate these cases, finding common questions of law and fact and determining consolidation would conserve resources, avoid inconsistent results, and otherwise serve the interests of justice. (*See* Dkt. 102). Contrary to Olsen's contention, it is apparent common legal issues and factual similarities will remain and continue to justify consolidation following rulings on the motions to dismiss.

      (4)    <u>ESI</u>

Plaintiffs seek to bring a Motion for Approval of an ESI agreement. They note the absence of any unanimity among defendants as to wording of an ESI agreement, including whether it should be prospective only, or even as to whether there should be any agreement.

Defendants do not believe an ESI Protocol is necessary. They note extensive discovery has already occurred (*see*, *e.g.*, Dkt. 113 at 10), and argue the complicated ESI Protocol desired by plaintiffs is disproportionate to this case, too late, and unnecessary. Counsel for defendants assert that, typically, parties in federal court simply agree to provide documents in PDF format, emails in .pst format, and attachments in native format, identify some search terms, and address any issues as they arise. They request at least the opportunity to brief the issue before any decision is reached and that any ESI order be prospective only. Defendant Olsen, while agreeing an ESI protocol is not needed, separately states she has already searched her electronic records and produced responsive documents, and would agree to a prospective only protocol.

The earliest filed individual case in this consolidated matter has proceeded without any ESI agreement for well over a year now. (*See* Dkt. 1 (complaint filed June 24, 2015).) The delay does not appear to be attributable to any one or more of the parties. Nor does the mere fact of the delay justify the absence of any agreement regarding discovery of ESI. Indeed, while objecting to the Model ESI Protocol desired by plaintiffs, defendants acknowledge they often

ORDER RE: DISPUTED ISSUES
PAGE - 7

enter into some type of agreement regarding ESI in their federal court work.

The Court is, on the other hand, persuaded something other than the Model ESI Protocol should be utilized to govern the discovery of ESI in this matter. Defendants shall submit a proposed ESI agreement to the Court for consideration by the undersigned or on before **September 1, 2016**. The proposed agreement shall be accompanied by an explanation as to whether defendants have, to date, already provided ESI in compliance with their proposal, and shall be provided to plaintiffs in a format allowing them to submit a redlined version of their response for the Court's review. Plaintiffs shall, on or before **September 12, 2016**, submit their responsive proposal, identifying in redlined form any specific changes to the agreement they deem necessary.

(5)     The Clerk is directed to send a copy of this Order to the parties and to the Honorable John C. Coughenour.

DATED this <u>11th</u> day of August, 2016.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: DISPUTED ISSUES
PAGE - 8