HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>  Plaintiff,<br><br>vs.<br><br>ALLIANCEONE RECEIVEABLES MANAGEMENT, INC.,<br><br>  Defendant. | NO. 2:15-cv-01012-JCC<br><br>REPLY IN SUPPORT OF SECOND AMENDED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FILED BY DEFENDANT PHYSICIANS & DENTISTS CREDIT BUREAU, INC. dba P & D COLLECTION SERVICES<br><br><u>Consolidated With</u>:<br>No. C15-1196-JCC (Mosby)<br>No. C16-0025-JCC (Auxier)<br>No. C16-0055-JCC (Jones)<br><br>**Noted for Hearing: Friday, August 12, 2016** |

## I. INTRODUCTION

In the period since Plaintiff's Opposition was filed, Defendant Physicians & Dentists has not identified any district courts outside of Western Washington or appellate panels within the Ninth Circuit that have cited, with approval or not, the centerpiece of Mr. Auxier's argument against dismissal of his First Amended Complaint, the Seventh Circuit opinion in *Suesz v. Med-1*

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 1
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Solutions LLC*, 757 F.3d 636 (2014). In fact, there appear to be no federal appellate circuits outside of the Seventh that have addressed the *Suesz* holding either.

Accordingly, Mr. Auxier's statement that the "relevant 'judicial district or similar legal entity' under the FDCPA is the 'smallest geographic area that is relevant for determining venue in the court system in which the case is filed," Opposition at 2 (ECF No. 119) (relying on *Suesz*), is most likely an overstatement of current law. Physicians & Dentists agrees that is the law in the Seventh Circuit. But Mr. Auxier has not established that a Seventh Circuit opinion is binding in the Ninth Circuit, or that *Suesz* somehow overrules or modifies *Fox v. Citicorp Credit Services*, 15 F.3d 1507 (9th Cir. 1994). *Fox* holds that a county is the unit of size for determining venue in the Ninth Circuit for the purposes of the FDCPA. *See* 15 F.3d at 1515.[1] With that conclusion, the *Auxier* lawsuit was properly filed in King County, the same county where Mr. Auxier currently resides. Physicians & Dentists believes it did not violate either applicable rules of the King County District Court or the venue provision of the FDCPA when the lawsuit was filed. Some or all of Physicians & Dentists' Rule 12(b)(6) Motion should be granted.

## II.   SUPPLEMENTAL FACTS

**A.   Plaintiffs have not shown that the *Suesz* opinion is being followed throughout the Ninth Circuit.**

As a simple fact matter, Plaintiff does not appear to rely on the Declaration of Guy W. Bennett, ECF No. 53 (filed April 25, 2016), filed in opposition to a previous version of this Motion.

---

[1] *See also* D. Mark, Note and Comment: SUESZ V. MED-1 SOLUTIONS, LLC: DEFINITION OF A JUDICIAL DISTRICT IN THE VENUE REQUIREMENT OF THE FAIR DEBT COLLECTION PRACTICES ACT, 36 N. Ill. U. L. Rev. 83, 106 (Spring 2016) ("I am in agreement with the concurring and dissenting opinions in *Suesz*, that this rule espoused by the *Suesz* majority, that a penalty can be imposed on debt collectors under the FDCPA who file state court actions in state courts where venue is proper, is likely unconstitutional as a violation of the Tenth Amendment").

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 2
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

In the section of Plaintiff's Opposition called "Background," ECF No. 119 at 2-4, Plaintiff references the Auxier First Amended Complaint, the Congressional & Administrative News ("USCCAN"), the Seventh Circuit *Suesz* opinion, a treatise called Consumer Law Sales Practices, news articles from the Indianapolis Star and the Wall Street Journal, the venue statute from the FDCPA, and the local King County Rules applicable to courts of limited jurisdiction.

Mr. Auxier does not identify any courts in the Ninth Circuit, other than senior federal district judges John C. Coughenour and Robert S. Lasnik of the Western District of Washington, that have appeared to follow the Seventh Circuit holding in *Suesz*.

**B.      Legal commentary critical of the outcome in *Suesz*.**

In his law review article, Mr. Mark offers an analysis of the intent of Congress in discussing "judicial district" as used in the Fair Debt Collection Practices Act. Physicians & Dentists offers this quotation because it summarizes how venue issues under the FDCPA should be analyzed in the opinion of the Defendant:

> It is often said that the simplest explanation is usually the correct one. Here, it seems that the easiest explanation would be that the Federal Congress used "judicial district" to refer to federal district courts, and "similar legal entity" to refer to their corresponding state version since not all states structure or label their trial level courts in the same way. Congress has used the phrase "judicial district" in statutes and in Federal Rules of Civil Procedure in referring to federal district courts. According to the United States Courts website, there are ninety-four federal judicial districts. Most importantly for the purpose of this note, Congress used the phrase "judicial district" frequently in the General Venue statute for United States District Courts. Certainly, when Congress uses the phrase "judicial district" in a statutory provision dealing with venue, such as § 1692i of the FDCPA, one cannot help but think that Congress was referring to the same entity that it referred to in legislation dealing with venue generally in the federal district courts.
>
> Thus, it would seem that the definition of "judicial district" is fairly straight forward, and what would really be left to interpret is what under the statute constitutes the corresponding "similar legal entity" in a state. In both Marion County, Indiana and Cook County, Illinois there is one judicial circuit that is comprised of the entire county, but also contains smaller courts that have been

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 3
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

created seemingly for the convenience of litigants and for the courts as well. The majority in *Suesz* seems to find that the Marion County Circuit and by reference Cook County Circuit constitute "judicial districts" under the act. These state circuits are the state equivalent of federal districts. So why then is this not the end of the inquiry? It would seem as though once a plaintiff has filed an action within a "judicial district" in which the debtor resides--which here would be any court in either county--that the plaintiff has complied with the statute.

Mark, Note and Comment: SUESZ V. MED-1 SOLUTIONS, LLC: DEFINITION OF A JUDICIAL DISTRICT IN THE VENUE REQUIREMENT OF THE FAIR DEBT COLLECTION PRACTICES ACT, 36 N. Ill. U. L. Rev. at 103-04 (citations omitted).

### C. Oral argument on this Motion.

Defendant Physicians & Dentists withdraws its request for oral argument.

### III. LEGAL AUTHORITY AND ARGUMENT

### A. It is not established that the *Suesz* opinion is the law of the Ninth Circuit.

Under the established federal legal system the decisions of one circuit are not binding on other circuits. *See Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989). The decision whether to adopt wholesale the circuit law of another court is a matter of judicial policy, not a constitutional command. *Hart v. Massanari*, 266 F.3d 1155, 1173 (9th Cir. 2001).

At most, this Court and the Honorable Robert S. Lasnik in this district have said that *Suesz* is "persuasive." *See* Order Denying Motion to Dismiss filed by Defendant AllianceOne Receivables Management in Cause No. C15-1012 JCC, ECF No. 26 at 4 ("*Suesz* is not binding here"); *see also* Order Denying Defendants' Motion to Dismiss in Cause No. C15-1196 RSL, ECF No. 85 at 8 (recognizing that this Court followed *Suesz* as persuasive authority in the *Linehan* case). Even so, it is far from a definitive holding, as noted by Judge Lasnik: "a state court's structure ***may affect*** whether the filing of a debt collection suit violates the FDCPA," and "a transfer provision ***may play a meaningful role*** in analyzing whether a debt collector violated has violated Section 1692i of the FDCPA." *Id.* (emphasis added). In other words, this legal question will need more development in the Ninth Circuit or in the Supreme Court. Plaintiffs'

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 4
(2:15-cv-01012-JCC)

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

openly stated conclusion that *Suesz* controls here, Opposition at 2, lines 6-8 (ECF No. 119), is an overstatement.

Moreover, Plaintiff's reading of the Ninth Circuit *Fox* opinion supplies meaning that is not there. *See* Opposition at 10, lines 2-6 (ECF No. 119). *Fox* simply holds that enforcement actions, such as an application for a writ of garnishment, are subject to the venue provision of the FDCPA. *See* 15 F.3d at 1515. The *Fox* court also concluded, with little analysis, that neighboring counties were two different venues for the purposes of the venue provision of the FDCPA. *Id*. *Fox* **does not** analyze whether a suit must be brought within a particular location in a particular county. Likewise, Judge Lasnik held that Plaintiffs in the *Mosby* case "read too much from Fox," because the facts indicated that the debt collectors in the *Mosby* case filed suit in the county where the Plaintiffs resided. Order Denying Defendants' Motion to Dismiss in Cause No. C15-1196 RSL, ECF No. 85 at 6.

### B. Another court has held that *Suesz* does not result in retroactive application of liability against a debt collector.

Further caution about the reach of *Suesz* comes from the recent case of *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, also decided by the Seventh Circuit. The Blatt law firm filed a collection suit against plaintiff Oliva under the rubric of *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), which was subsequently overruled by *Suesz*. As stated by the *Oliva* court, "Under *Newsom*, . . . debt collectors were allowed to file suit in any of the Circuit Court of Cook County's various municipal districts so long as the debtor resided in Cook County or signed the underlying contract there." *Oliva*, 2016 U.S. App. LEXIS 10780 at *3 (7th Cir., June 14, 2016). Approximately a week after *Suesz* was decided, the Blatt law firm voluntarily dismissed its suit against Oliva without prejudice. *Id*., 2016 U.S. App. LEXIS 10780 at *4. Oliva then brought an FDCPA claim against Blatt in federal court, alleging that Blatt was retroactively liable under *Suesz* because it filed suit in the first municipal district of the Circuit Court of Cook County,

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 5
(2:15-cv-01012-JCC)

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

rather than the fifth municipal district, where Oliva resided when the suit commenced. The parties filed cross-motions for summary judgment, and the district court denied Oliva's motion and granted summary judgment for Blatt. The district court ultimately concluded that Blatt was protected from liability under the FDCPA's bona fide error defense because it relied on *Newsom* in good faith. *Id.*, 2016 U.S. App. LEXIS 10780 at \*\*4-5.

On appeal, the Seventh Circuit affirmed the district court. "*Newsom*'s unambiguous holding expressly permitted Blatt to file suit exactly where it did. That *Suesz* later overruled *Newsom* does not change our analysis; *Suesz* may have created a retroactive cause of action for violations that preceded it, but it does not retroactively proscribe the application of the bona fide error defense. We therefore hold that Blatt's violation of § 1692i as interpreted by *Suesz* was the result of a bona fide error that precludes liability under the Act." *Id.*, 2016 U.S. App. LEXIS 10780 at \*7.

*Oliva* has obvious import for the *Auxier* case. Even if the *Suesz* holding is fully adopted in the Ninth Circuit (which Mr. Auxier has yet to prove), it is an entirely different question to say that Physicians & Dentists violated 15 U.S.C. § 1692i as to Mr. Auxier. If Physicians & Dentists properly filed suit against Mr. Auxier under a colorable reading of King County District Court rules (which establish that, no matter where Physicians & Dentists *filed* the collection suit, the case was going to be *heard* in the Seattle Division of that court system under the KCDC's case handling scheme), no violation of the FDCPA should be found, because Mr. Auxier was sued in the county where he resides. *See Fox*, 15 F.3d at 1515.

**C.  Plaintiff's civil conspiracy claim should be dismissed.**

Lastly, Plaintiff Auxier admits that this Court has already dismissed the civil conspiracy claim plead in the *Jones v. Audit & Adjustment* part of this case. Opposition at 23, lines 13-14 and n. 14 (ECF No. 119). Based on a single sentence appearing in the last page of his brief, the Court can readily conclude that Mr. Auxier does not really expect a different outcome here.

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 6
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

The Court's ruling in relation to the *Jones* complaint was correct. Physicians & Dentists respectfully requests that the Court follow its rationale from the earlier ruling and dismiss Mr. Auxier's civil conspiracy claim. *See* Order On Motions to Dismiss by Defendants Audit & Adjustment and Walker in Cause No. C15-1012 JCC, ECF No. 44 at 5; *Woody v. Stapp*, 146 Wn. App. 16, 22, 189 P.3d 807 (2008) (to establish a claim for civil conspiracy, plaintiff "must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy"; plaintiff Stapp's claim dismissed because evidence offered only rose to level of speculation, e.g. "at times he saw one or more of them together, sometimes behind closed doors"). *See also Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (expounding on facial plausibility standard from *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*: "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Plausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action,' and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief") (citations omitted).

Physicians & Dentists doubts Plaintiff could ever approach the facial plausibility standard, by pleading actual facts that either it, or a retained attorney representing it, entered into an open or covert agreement with the administration of the King County District Court and the judges of that court to violate the FDCPA. According to Mr. Auxier, "P&D's knowledge was evidenced by emails evidencing secret, ex parte communications by and among P&D, its attorney, other debt collection attorneys and agencies, and a KCDC judge." Opposition at 23, n. 14 (ECF No. 119). These fantastic allegations, based on the First Amended Complaint, do not include identification of the attorneys, judge, content of the email messages, or the dates of any

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 7
(2:15-cv-01012-JCC)

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

such alleged communications. Plaintiff has simply failed to meet the facial plausibility standard of *Iqbal* and *Twombly* in relation to the civil conspiracy claim; he speculates freely.

### D. Physicians & Dentists incorporates the void for vagueness argument submitted by Defendants Merchant Credit, Bakke, and Woehler.

On August 12, 2016, Defendants Merchant Credit, Bakke, and Woehler submitted a very short reply (ECF No. 124) offering argument against the Auxier Opposition's void for vagueness argument (ECF No. 119 at 20-23). Rather than burden the court file further, Defendant Physicians & Dentists adopts the argument of Merchant Credit, Bakke, and Woehler as if fully set forth herein, also noting that Judge Lasnik has found the venue language in the FDCPA "ambiguous." *See* Cause No. C15-1196 RSL, ECF No. 85 at 4.

### IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in Physicians & Dentists' opening brief, this matter is properly dismissed under the framework of Fed. R. Civ. P. 12(b)(6), at least as to Plaintiff's civil conspiracy claim (Defendant believes the *Auxier* case should be dismissed entirely). If the Court is inclined to keep the FDCPA venue claim alive, it should explicitly state upon which authorities it is relying to do so.

Dated: August 12, 2016

GORDON & REES LLP

By: */s/ Jeffrey E. Bilanko*
Jeffrey E. Bilanko, WSBA #38829

*/s/ William R. Kiendl*
William R. Kiendl, WSBA #23169
Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
jbilanko@gordonrees.com
wkiendl@gordonrees.com
Attorneys for Defendant Physicians and Dentists Credit Bureau, Inc. dba P&D Collection Services

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 8
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I hereby declare, under penalty of perjury under the laws of the State of Washington, that on this 12th day of August, 2016, I caused a true and correct copy of the foregoing document to be served via CM/ECF system on:

**Attorneys for Plaintiff Timothy Linehan:**

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Tel.: (312) 739-4200
*Pro Hac Vice*

James A. Sturdevant, WSBA #8016
119 N Commercial, Suite 920
Bellingham, WA 98225
Tel.: (360) 671-2990

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: dedelman@edcombs.com
   sturde@openacess.org

   cc: courtecl@edcombs.com
       efarbstein@edcombs.com
       amy@openaccess.org

**Attorneys for Plaintiffs: Joshua Auxier; Scott Jones; Marilynn Cormier; Portia Jones; Rebecca Foutz; Ricardo Ayon; Renee Conroy; Theresa Mosby; Kelsey Erickson**

Antoinette M. Davis, WSBA #29821
Antoinette M. Davis Law, PLLC
528 Third Avenue West, Suite 102
Seattle, WA 98119
Tel.: (206) 486-1011
Fax: (206) 905-5910

Kim Williams, WSBA # 9077
Roblin J. Williamson, WSBA #11387
Williamson and Williams
2239 W Viewmont Way W
Seattle, WA 98199
Tel.: (206) 294-3085

Guy W. Beckett, WSBA #14939
Berry & Beckett, PLLP

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: tonie@toniedavislaw.com
   kim@williamslaw.com
   roblin@williamslaw.com
   gbeckett@beckettlaw.com

   cc: rebecca@toniedavislaw.com
       admin@toniedavislaw.com
       incoming@toniedavislaw.com
       lisa@williamslaw.com
       susanh@seanet.com
       tonak@seanet.com

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 9
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

| | | |
|---|---|---|
| 1708 Bellevue Avenue<br>Seattle, WA 98122<br>Tel.: (206) 441-5444<br>Fax: (206) 838-6346 | | |
| **Attorney for Plaintiffs: Marilynn Cormier; Rebecca Foutz; Ricardo Ayon; Renee Conroy; Theresa Mosby; Kelsey Erickson**<br><br>Matthew Geyman, WSBA #17544<br>Ann LoGerfo, WSBA #23043<br>Columbia Legal Services<br>101 Yesler Way, Suite 300<br>Seattle, WA 98104<br>Tel.: (206) 287-9661<br>Fax: (206) 382-3386 | ☐ U.S. Mail Postage Prepaid<br>☒ CM/ECF<br>☐ Hand Delivery<br>☐ Email:<br>   matt.geryman@columbialegal.org<br>   ann.logerfo@columbialegal.org<br><br>cc: annabell.joya@columbialegal.org | |
| **Pro Se**:<br><br>Jason L. Woehler, WSBA #27658<br>Wales & Woehler, Inc., P.S.<br>705 2nd Avenue, Suite 605<br>Seattle, WA 98104-1715<br>Tel.: (206) 622-0232<br>Fax: (206) 684-6866 | ☐ U.S. Mail Postage Prepaid<br>☒ CM/ECF<br>☐ Hand Delivery<br>☐ Email: jlwoehler@aol.com<br>   attorneywales@yahoo.com | |
| **Attorneys for Defendant AllianceOne Receivables Management, Inc.**<br><br>Christopher E. Hawk, WSBA #43307<br>David W. Cramer, WSBA #49566<br>Gordon & Rees LLP<br>121 SW Morrison Street, Suite 175<br>Portland, OR 97204<br>Tel.: (503) 222-1075<br>Fax: (503) 616-3600 | ☐ U.S. Mail Postage Prepaid<br>☒ CM/ECF<br>☐ Hand Delivery<br>☐ Email: chawk@gordonrees.com<br>   dcramer@gordonrees.com<br><br>cc:   triddle@gordonrees.com | |
| **Attorneys for Defendant Kimberlee Walker Olsen**<br><br>James D. Nelson, WSBA #11134<br>Shaina R. Johnson, WSBA #46079<br>Natalie A. Moore, WSBA #45333<br>Betts, Patterson & Mines, P.S | ☐ U.S. Mail Postage Prepaid<br>☒ CM/ECF<br>☐ Hand Delivery<br>☐ Email: jnelson@bpmlaw.com<br>   sjohnson@bpmlaw.com<br>   nmoore@bpmlaw.com | |

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 10
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

| | |
|---|---|
| One Convention Place, Suite1400<br>701 Pike Street<br>Seattle, WA 98101<br>Telephone:(206) 292-9988<br>Facsimile:(206)343-7053 | cc: dpope@bpmlaw.com<br>dwolfard@bpmlaw.com<br>klangridge@bpmlaw.com |

**Attorney for Defendants: Audit & Adjustment Company, Inc.; Merchants Credit Corporation; Audit & Adjustment Company Erik Bakke; Jason Woehler**
Marc Rosenberg, WSBA #31034
Jonathan Joshua Loch, WSBA #43107
Joel E. Wright, WSBA #8625
Lee Smart, P.S., Inc.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101
Tel.: (206) 624-7990

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: mr@leesmart.com
        jjl@leesmart.com
        jw@leesmart.com

    cc: jxl@leesmart.com
        sm@leesmart.com
        cxw@leesmart.com

**Attorneys for Robert Friedman**
Kathleen A. Nelson, WSBA #22826
Sarah E. Demaree, WSBA #49624
Lewis Brisbois Bisgaard & Smith LLP
1111 3rd Avenue, Suite 2700
Seattle, WA 98101
Tel.: (206) 436-2020

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email:
Kathleen.nelson@lewisbrisbois.com
Sarah.demaree@lewisbrisbois.com

    cc: vicki.milbrad@lewisbrisbois.com

*/s/Stephanie M. Hosey*
Stephanie M. Hosey, Legal Assistant

REPLY IN SUPPORT OF SECOND
AMENDED MOTION TO DISMISS
PAGE – 11
(2:15-cv-01012-JCC)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1115671/29074298v.2