THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Robert S. Friedman's notice of joinder, which the Court construes as a motion to dismiss (Dkt. No. 109). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

The facts underlying these consolidated cases have been set forth in multiple orders and will not be repeated here. (*See, e.g.*, Dkt. No. 162 at 2.) Defendant Robert Friedman now moves to dismiss the claims against him by Plaintiffs Theresa Mosby, Kelsey Erickson, Marilynn Cormier, Rebecca Foutz, and Renee Conroy. Friedman argues that (1) Plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA) are barred by the one-year statute of limitations and (2) Plaintiffs' claims under the Washington Consumer Protection Act (WCPA) fail as they

do not challenge the entrepreneurial aspects of his legal practice. (*Id.* at 2.)

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### B. Judicial Notice

On a motion to dismiss, the Court typically looks only to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, at any stage of the proceeding, the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (d). The Court must take such notice if a party requests it and supplies the Court with the necessary information. Fed. R. Evid. 201(c)(2).

Friedman asks the Court to take judicial notice of "pleadings in the King County District Court, showing all collection case filings by Mr. Friedman on behalf of Merchants Credit Corp." (Dkt. No. 109 at 2-3.) According to Friedman, a "search of the King County District Court docket reveals that Mr. Friedman filed no collection complaints on behalf of Merchants Credit Corp. within one year of July 28, 2015, the date the initial Complaint was filed." (*Id.* at 2.) Generally speaking, public court records fall within a category of documents whose accuracy cannot be reasonably questioned. However, Friedman failed to actually produce the court records he asks the Court to judicially notice. Instead, he maintains that he has "supplied the necessary information for this Court to ascertain that Friedman has not brought a legal action in violation of the FDCPA within the statute of limitations." (Dkt. No. 58 at 3.)

The Court disagrees. "[T]he Court will not rummage through the Court files and take

notice of those documents requested absent those documents being supplied to the Court. It is not this Court's function to lay a record for the lawyers involved in this case." *In re Tyrone F. Conner Corp.*, 140 B.R. 771, 782 (E.D. Cal. 1992). "In other words, invocation of Fed.R.Evid. 201(d) does not relieve a party of the duty to gather, organize, and present evidence to the court." *In re Hillard Development Corp.*, 238 B.R. 857, 864 (S.D. Fla. 1999). Although these cases are not binding, the Court finds their analysis sensible and persuasive and adopts it on these facts.

Friedman may very well be correct that he has not filed a collection suit against Plaintiffs within the last year. However, without providing trustworthy documentation to establish the verity of his assertion, Friedman essentially asks the Court to judicially notice his self-serving statement. This is not an appropriate use of Rule 201. The Court further rejects Friedman's suggestion that it is the Court's burden to comb the records of a separate court system to determine whether his assertion is legitimate.

The Court likewise denies Plaintiffs' request for the Court to judicially notice an e-mail sent between King County District Court judges, which states that "Friedman is still associated with Merchants and does the in court work" and "signs off on orders in court on behalf of Merchants." (*See* Dkt. No. 54 at 5; Dkt. No. 55-1 at 33.) While the fact that this e-mail was sent is not subject to reasonable dispute, the contents thereof—written by a third party not under oath—do not have the same reliability. Again, the statement may very well be true. Still, judicial notice is not the appropriate vehicle for establishing that fact.

However, the Court does judicially notice the remaining documents submitted by Plaintiff, which consist of filings from the King County District Court. These documents pertain to two collection cases filed on Merchants' behalf, one on August 6, 2014 and one on January 21, 2015. (Dkt. No. 55-1 at 2, 17.) None of the initial filings were signed by Friedman. (*Id.* at 4, 7, 19, 22.) However, Friedman did sign the ultimate credit judgments in both cases on April 14, 2015. (Dkt. No. 55-1 at 15, 31.)

ORDER GRANTING MOTION TO DISMISS
PAGE - 3

### C.     FDCPA: Statute of Limitations

Although the Court declines to accept as fact that Friedman has not filed a motion within the last year, the Court notes that Plaintiffs' complaint merely alleges that Friedman filed a debt collection suit within the last four years. (*Mosby, et al. v. Merchants Credit Corp., et al.*, C15-1196, Dkt. No. 89 at 8.) The FDCPA establishes that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Thus, the Court finds it appropriate to consider Friedman's argument that the one-year statute of limitations bars suit against him.

This question turns on the interpretation of "brings any legal action" under 15 U.S.C. § 1692i(a). Friedman maintains that this language plainly means the initiation of legal proceedings. (Dkt. No. 58 at 4.) Plaintiffs seek a broader interpretation that encompasses "any motions work by Friedman on matters in which his signature does not appear on the summons and/or complaint." (Dkt. No. 54 at 9.) Under Plaintiffs' interpretation, Friedman's April 2015 signature on the credit judgments would constitute actionable conduct within the limitations period.

When interpreting a statute, the Court looks first to its plain language. *HomeStreet, Inc. v. Dep't of Revenue*, 210 P.3d 297, 300 (Wash. 2009). "If the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction." *Id.* "When the words in a statute are clear and unequivocal, this court is required to assume the Legislature meant exactly what it said and apply the statute as written." *Duke v. Boyd,* 942 P.2d 351, 354 (Wash. 1997).

Here, the Court need look no further than the plain language of the statute. Understood sensibly, "brings any legal action" means the act of initiating a lawsuit. Indeed, per Black's Law Dictionary, to "bring an action" is "[t]o sue; institute legal proceedings." This interpretation particularly makes sense in the context of § 1692i: it is the initiation of suit that determines the forum location, and it is the forum location that Congress sought to regulate. Moreover, had

Congress intended to provide more expansive coverage, it could have included language to that effect.

Plaintiffs further argue that, even if the Court interprets the statute as such, it should still find that Friedman was jointly and severally liable. (Dkt. No. 54 at 10.) But, as Plaintiffs' own authority establishes, joint and several liability "may be imposed where the defendant sought to be held liable *personally engaged in the prohibited conduct*." *Krapf v. Professional Collection Servs., Inc.*, 525 F. Supp. 2d 324, 327 (E.D.N.Y. 2007) (emphasis added). Said another way, one cannot be jointly and severally liable without being individually liable.

Finally, Plaintiffs cite *Riley v. Giguiere*, 631 F. Supp. 2d 1295 (2009), arguing that it stands for the proposition that "under the FDCPA, liability can be imposed against an attorney that takes on a case started by another attorney." (Dkt. No. 54 at 11.) While this statement is technically true, it effectively expands *Riley*'s holding. In that case, the plaintiff alleged that the defendant attorney committed abusive, misleading, and unfair practices under 15 U.S.C. §§ 1692d, 1692e, and 1692f. *Riley*, 631 F. Supp. 2d at 1304. Specifically, the plaintiff alleged that the defendant sought default judgment in a case where she knew the complaint and summons had not been properly served by another attorney. *See id.* at 1309-10. The court found that the evidence of the defendant's knowledge was sufficient to defeat summary judgment. *Id.* at 1310. In sum, while the defendant attorney's own violations were informed by the misdeeds of another, *Riley* does not establish that an attorney can be held liable solely for another attorney's violation of the FDCPA.

Accordingly, the Court concludes that Plaintiffs have not pleaded an adequate FDCPA claim against Friedman.

D.   **WCPA: Entrepreneurial Aspects of Legal Practice**

Without the FDCPA violation to establish a *per se* WCPA claim, *see Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009), the Court turns to the specific merits of Plaintiffs' WCPA claims. WCPA claims against attorneys are limited to "certain entrepreneurial

aspects of the practice of law," such as "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Short v. Demopolis*, 691 P.2d 163, 168 (Wash. 1984). Claims "directed to the competence of and strategy employed by [lawyers] amount to allegations of negligence or malpractice and are exempt from the [W]CPA." *Id.*

Plaintiffs allege that they challenge Friedman's entrepreneurial practices, because "Friedman is a debt collector who brought debt collection cases in [King County District Court] for Merchants" and "was able to secure default judgments [which] are enforced on a continuing basis by Friedman." (Dkt. No. 54 at 14.) This argument does not hold water. The challenged conduct relates squarely to Friedman's representation of his client, as opposed to the financial management of his firm. Thus, Plaintiffs' claims are based on conduct that is not actionable under the WCPA.

### III. CONCLUSION

For the foregoing reasons, Friedman's motion to dismiss (Dkt. No. 109) is GRANTED.

DATED this 13th day of October 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE