THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANCEONE RECEIVABLES MANAGEMENT, INC., <br><br> Defendant. | CASE NO. C15-1012-JCC <br><br> ORDER DENYING CERTIFICATION |

This matter comes before the Court on the motion to certify class by consolidated Plaintiffs Portia Jones, Alexandra Hewardt Anderson, Angela Root, Joshua Auxier, Theresa Mosby, Kelsey Erickson, Marilynn Cormier, Rebecca Foutz, Renee Conroy, Stephen Simmons, Natalie Simmons, Katherine Rohr-Smith, and Zaldy Fernandez (Dkt. No. 198) and on the motion to deny certification by Defendant Kimberlee Walker Olsen[1] (Dkt. No. 139). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES certification for the reasons explained herein.

---

[1] Olsen's motion was joined by co-Defendants Audit & Adjustment Company, Inc. (Dkt. No. 152); Merchants Credit Corporation, Erik Bakke, and Jason Woehler (Dkt. No. 153); Robert Friedman (Dkt. No. 154); Physicians & Dentists' Credit Bureau, Inc. (Dkt. No. 232 at 5); and Asset Recovery Group, Inc. (Dkt. No. 230 at 14).

## I. BACKGROUND

The facts underlying these consolidated cases have been set forth in multiple orders and will not be repeated here. (*See, e.g.*, Dkt. No. 162 at 2.)

The Court now considers whether to certify the following proposed classes:

Class 1 – The Fair Debt Collections Practices Act (FDCPA) Class:
All persons sued by Defendants in a Division of the King County District Court in which they did not reside, on or after the date one year prior to the filing of the consolidated actions.

Class 2 – The Washington Consumer Protection Act (CPA) Class:
All persons sued by Defendants in a Division of the King County District Court in which they did not reside, on or after the date four years prior to the filing of the consolidated action and against whom a default judgment was entered.

(*See* Dkt. No. 198 at 2.)

Certification is opposed by consolidated Defendants Kimberlee Walker Olsen, Audit & Adjustment Company, Inc., Merchants Credit Corporation, Erik Bakke, Jason Woehler, Robert Friedman, Physicians & Dentists' Credit Bureau, Inc., and Asset Recovery Group, Inc. Defendants object that certification is not appropriate due to the many individualized fact inquiries that will need to be resolved.

## II. DISCUSSION

### A. Motion to Strike

Defendants move to strike Plaintiffs' use of 36 additional pages in their reply brief, as well as the exhibits filed in support of the reply. (Dkt. No. 241 at 2-3.) The motion is denied as to the additional pages. Defendants filed nearly 150 pages in response to Plaintiffs' motion. Thus, the Court views very little—if any—unfairness in permitting Plaintiffs these additional pages to address the volume of responses against them. However, to the extent that Plaintiffs produced new evidence in reply, that evidence shall not be considered. *See Nautilus Group, Inc. v. Icon Health and Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking new evidence submitted in reply because opposing party was not able to respond to such evidence).

## B. Legal Standard for Class Certification

A party seeking to litigate a claim as a class representative must affirmatively satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). In determining whether the plaintiffs have carried this burden, the Court must conduct a "rigorous analysis." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). This inquiry may "entail some overlap with the merits of the plaintiff's underlying claim," though the Court considers the merits only to the extent that they overlap with the requirements of Rule 23 and allow the Court to determine the certification issue on an informed basis. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The ultimate decision to certify a class is within the Court's discretion. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

## C. Rule 23(a) Requirements

Under Rule 23(a), one or more members of a class may sue as representative plaintiffs only if four requirement are met: (1) the class is so numerous that joinder is impracticable; (2) the claims or defenses of representative parties are typical of those of the class; (3) the representatives will fairly and adequately protect the interests of the absent class members; and (4) there are common questions of law or fact to the class.

### 1. Numerosity

The numerosity requirement requires the examination of the specific facts of each case, though "in general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 2010 WL 2124096 at *4 (9th Cir. May 27, 2010); *see also Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 652 (W.D. Wash. 2011) (certifying a class of 43 to 54 members). Here, Plaintiffs present evidence to show the class members may number in the thousands, making joinder unquestionably impracticable. (*See* Dkt. No. 202 at 2-5.)

However, Defendants object that numerosity cannot be shown where the identity of putative class members is not ascertainable. Although not specifically mentioned in Rule 23, courts consider ascertainability when determining numerosity. The ascertainability doctrine requires that the class be "sufficiently definite so that it is feasible for the court to determine membership by reference to objective criteria." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1325 (W.D. Wash. 2015). "It is not fatal for class definition purposes if a court must inquire into individual records, so long as the inquiry is not so daunting as to make the class definition insufficient." *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012) (internal quotations omitted).

Defendants allege that identifying who belongs in each class will involve a complex factual inquiry and will thus be prohibitively difficult. Defendants over-exaggerate the difficulty of this task. For the FDCPA class, three straightforward questions determine who belongs: in which division (1) was suit filed, (2) did the debtor reside, and (3) was the contract signed? If the answer to the first question differs from the latter two, that debtor belongs in the class.[2]

Defendants further argue that determining the residence and place of contract for each member would be more than a ministerial task. But it is doubtful that Defendants failed to keep records of their debtors' addresses or copies of the underlying contracts, which would likely indicate the place of signature. Thus, these questions could be answered with a search of Defendants' records or, if necessary, affidavits from the putative members.

For the CPA class, an additional question must be answered: was default judgment ultimately entered? But again, this could be solved by a simple record review.

In sum, the Court determines that the numerosity prong has been satisfied.

---

[2] Defendants contend that it will be too hard to determine the boundaries of the three divisions. However, the King County District Court website delineates the courthouses that fall within each division, along with a list of cities that are part of that courthouse's "civil filing area." *See* http://kingcounty.gov/courts/district-court/locations.aspx.

### 2. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal quotations omitted). Here, the representative plaintiffs have the same claim as all class members: they were sued in a division of King County District Court where they did not live or sign the underlying contract. Thus, the typicality requirement is met.

### 3. Adequacy of Representation

To determine whether the representative parties will adequately represent a class, the Court must examine whether the named plaintiffs and their counsel (1) have any conflicts of interest with other class members and (2) will prosecute the action vigorously on behalf of the class. *Id.* at 985. Here, the representatives seek relief identical to the putative class members, negating any suggestion of conflicting interests. And, the operative complaints allege the class representatives will adequately represent and prosecute the class members' interests.[3] (Dkt. No. 165 at 14; Dkt. No. 169 at 15; Dkt. No. 189 at 14; *Auxier v. Physicians and Dentists Credit Bureau Inc., et al.*, C16-0025-JLR, Dkt. No. 11 at 14.) No reason has been shown to doubt that this profession is accurate. The adequacy prong is met.

### 4. Commonality

Finally, a plaintiff must demonstrate that the "class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza*, 666 F.3d at 588 (quoting *Dukes*, 564 U.S. at 350). The key inquiry is not whether the plaintiffs have raised common questions, but

---

[3] Defendants protest that Plaintiffs have not submitted sworn affidavits from the representatives vowing to vigorously prosecute this action. However, such declarations are not required to establish adequacy. *See, e.g.*, *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 242 F.R.D. 568, 572 (W.D. Wash. 2007).

whether "class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350).

Defendants argue that commonality is not present, setting forth an extensive list of factual questions that they allege will need to be answered for each individual plaintiff. (*See, e.g.*, Dkt. No. 220 at 2-5.) These questions can be grouped into two categories: (1) who belongs in the class—again, where the debtor resided, signed the contract, and was sued; and (2) who can recover actual damages—*e.g.*, was the debt disputed, does claim or issue preclusion apply, was causation established, etc.

The presence of individual factual inquiries does not itself defeat commonality. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) ("It is not necessary that members of the proposed class share every fact in common."); *Mazza*, 666 F.3d at 589 (all Rule 23(a)(2) requires is "a single significant question of law or fact"). And here, there is a question that is common to all plaintiffs in this case: whether Defendants violated the FDCPA by filing in the wrong subdivision of King County District Court. Typically, a unifying question such as this would establish commonality. This case is unique, though, in that the common question has already been answered. (*See, e.g.*, Dkt. No. 26 at 4.) With that resolved, the remaining questions are unlikely to "generate common *answers*" for the entire class. Thus, the Court finds that the commonality requirement is not satisfied.

### D. Rule 23(b) Requirements

In addition to the lack of commonality, Plaintiffs fail to establish that this class is maintainable under Rule 23(b)(2) or (b)(3).[4]

//
//

---

[4] The parties agree that Rule 23(b)(1) is not applicable.

1. Rule 23(b)(2)

Under Rule 23(b)(2), Defendants must have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "Class actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages." *Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir. 1986). "There is no bright-line rule that incidental damages do not predominate; the proper inquiry requires examining the specific facts and circumstances of the case to determine what form of relief predominates." *Schwarm v. Craighead*, 233 F.R.D. 655, 663 (E.D. Cal. 2006).

Plaintiffs allege that their "primary goal in this litigation is to obtain an order forbidding Defendants from filing collection actions illegally against debtors in an improper venue." (Dkt. No. 198 at 13.) However, injunctive relief is not available under the FDCPA. *See Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663, 678 (E.D. Wash. 2001). Accordingly, Plaintiffs seek injunctive relief via their CPA claims, which are predicated on FDCPA violations. (*See* Dkt. No. 198 at 16.) In addition, Plaintiffs seek statutory damages under the FDCPA; actual damages under the CPA; an award of treble damages under the CPA; and an order of restitution allowing members to recoup the sums collected by Defendants. (*See, e.g.*, Dkt. No. 165 at 15.)

On these facts, the Court cannot conclude that injunctive relief predominates. Admittedly, statutory damages under the FDCPA are relatively limited. *See* 15 U.S.C. § 1692k(a)(2) (individual plaintiffs may recover up to $1,000, while a class may recover the lesser of $500,000 or one percent of the debt collector's net worth). But, because equitable relief is not available under the FDCPA, a valid CPA claim is required to obtain the injunction Plaintiffs request. Monetary relief under the CPA is not so limited: it provides for actual damages and treble damages, both of which Plaintiffs seek. Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 564 U.S. at 360-61. This class is not appropriate for certification under Rule 23(b)(2).

ORDER DENYING CERTIFICATION
PAGE - 7

    2. <u>Rule 23(b)(3)</u>

Nor is this case maintainable under Rule 23(b)(3). This prong requires two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. The Court answers both in the negative.

*Predominance*: The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotations omitted).

As discussed above, the common question in this case has already been answered. What remains are a multitude of individual inquiries to determine class membership, to decide whether each class members' claims are barred, to establish causation, and to prove actual damages. These individual issues predominate, rendering a class action inappropriate.

*Superiority*: Rule 23(b)(3) also requires the Court to find that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." This inquiry "includes consideration of the potential difficulties in . . . calculation of individual damages." *In re First Am. Home Buyers Protection Corp. Class Action Litig.*, 313 F.R.D. 578, 610 (S.D. Cal 2016) (internal quotations omitted). Here, the calculation of damages will be an unwieldy task, with each plaintiff's claim requiring multiple individual inquiries. Thus, certification is not the superior method for adjudicating the remainder of this litigation.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' motion to certify (Dkt. No. 198) and GRANTS Olsen's motion to deny certification (Dkt. No. 139).

//

DATED this 22nd day of November 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE