THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER GRANTING MOTION FOR ENTRY OF RULE 54(b) JUDGMENT |

This matter comes before the Court on Defendant Robert S. Friedman's motion for entry of judgment under Federal Rule of Civil Procedure 54(b) (Dkt. No. 236). Friedman asks this Court to enter final judgment on its order (Dkt. No. 216) granting Friedman's motion to dismiss (Dkt. No. 109). That order dismissed all claims against Friedman by Plaintiffs Theresa Mosby, Kelsey Erickson, Marilynn Cormier, Rebecca Foutz, and Renee Conroy ("Mosby Plaintiffs"). (*See* Dkt. No. 216 at 5, 6.)

The Federal Rules of Civil Procedure authorize district courts to direct entry of final judgment where fewer than all the original claims to an action are resolved and "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court first must determine that it is dealing with a final judgment. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) ("It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final

1 | in the sense that it is an ultimate disposition of an individual claim entered in the course of a
2 | multiple claims action."). The Court must then determine if there is any just reason for delay. *Id.*
3 |      Here, there is no question that the dismissal order was a final judgment with respect to
4 | the Mosby Plaintiffs' claims against Friedman. And the Court sees no just reason for delay on
5 | these facts. Friedman is the only Defendant against whom any claims have been dismissed in this
6 | case, and his arguments for dismissal were unique to the Mosby Plaintiffs' claims against him.
7 | Thus, entering final judgment would not result in piecemeal appeals or duplicative litigation. The
8 | Mosby Plaintiffs do not persuade the Court otherwise, instead arguing that the Court's decision
9 | was incorrect.[1] (*See* Dkt. No. 248 at 2-3, 4.) But that is not the question when determining
10 | whether to enter judgment under Rule 54(b).
11 |      For the foregoing reasons, Friedman's motion for entry of judgment under Rule 54(b)
12 | (Dkt. No. 236) is GRANTED.
13 |      DATED this 29th day of November 2016.

                                              */s/ John C. Coughenour*
                                              John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE

---

[1] For example, the Mosby Plaintiffs argue that "whether Plaintiffs have challenged the entrepreneurial aspect of Friedman's law practice also remains to be litigated." (Dkt. No. 248 at 4.) Not so. The Court squarely rejected the contention that Friedman's entrepreneurial practices were at issue. (Dkt. No. 216 at 6.)

ORDER GRANTING MOTION FOR ENTRY OF
RULE 54(B) JUDGMENT
PAGE - 2