THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER GRANTING MOTION TO COMPEL |

This matter comes before the Court on Defendant Kimberlee Walker Olsen's motion to compel discovery from Plaintiffs Jones, Root, and Anderson (Dkt. No. 282). Olsen seeks discovery on two topics: (1) whether Plaintiffs dispute the validity or amounts of their underlying debts and (2) whether Plaintiffs filed any pleadings in the underlying debt collection actions. (*Id.* at 1-2.) According to Olsen, this information is relevant to the causation element of Plaintiffs' Washington Consumer Protection Act (WCPA) claims. (*Id.* at 2.) Plaintiffs dispute the relevance of these requests, arguing that they are not required to establish causation because a violation of the Fair Debt Collection Practices Act (FDCPA) is a *per se* violation of the WCPA. (*Id.* at 8.)

In multiple previous orders, this Court quoted the Washington Supreme Court's opinion in *Panag v. Farmers Insurance Company of Washington*, 204 P.3d 885, 897 (Wash. 2009), which states: "When a violation of debt collection regulations occurs, it constitutes a *per se*

violation of the CPA." (*See, e.g.*, Dkt. No. 26 at 4; Dkt. No. 44 at 4.) The Court applied this language to conclude that, by pleading a sufficient FDCPA claim, Plaintiffs had likewise pleaded a sufficient WCPA claim. (*See id.*)

In her discovery motion, Olsen cites authority that calls into question this application of *Panag*. (*See* Dkt. No. 282 at 6.) Specifically, the *Panag* court relied on a Court of Appeals case, *Evergreen Collectors v. Holt*, 803 P.2d 10 (Wash. Ct. App. 1991), in concluding that an FDCPA violation is a *per se* WCPA violation. The *Evergreen* court clarifies that a "claimant asserting a *per se* violation [of the WCPA] must establish that a statute has been violated, *that the violation was the proximate cause of the damages*, and that the plaintiff is within the class of persons the statute is intended to protect." 803 P.2d at 12 (emphasis added). In other words, a violation of the FDCPA constitutes a violation of the WCPA, but a properly pleaded WCPA claim still requires causation. Merely showing that the statute was violated is not enough to recover damages.

This reading makes sense when one considers the damages available under each statutory scheme. The FDCPA provides for limited statutory damages. *See* 15 U.S.C. § 1692k(a)(2) (individual plaintiffs may recover up to $1,000). By contrast, the WCPA provides for actual damages, meaning the violation itself is not the actionable harm. Wash. Rev. Code § 19.86.090. Without the causation requirement, plaintiffs would be entitled to recoup damages not contemplated by either statute.

No Defendant previously cited *Evergreen* or made this argument. Nonetheless, in the interest of accuracy and precision, the Court finds it appropriate to apply *Panag* and *Evergreen* in this manner. Thus, the Court's earlier application of *Panag* was erroneous and must be corrected. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452-53 (9th Cir. 2000) (law of the case doctrine inapplicable if "the first decision was clearly erroneous").

Accordingly, the Court now holds that alleging a valid FDCPA claim does not satisfy a plaintiff's burden to demonstrate causation under the WCPA. Rather, a valid FDCPA claim establishes the first three prongs of a WCPA claim: (1) an unfair or deceptive act or practice (2) occurred in trade or commerce and (3) affects the public interest. *See Panag*, 204 P.3d at 889 (describing conduct prohibited by WCPA and the five-prong test for WCPA claims). To the extent that the Court's previous holdings are in conflict, they are superseded.

In light of this holding, Olsen has shown that her discovery requests will produce evidence that is relevant and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Olsen's motion to compel (Dkt. No. 282) is GRANTED. Plaintiffs must produce responsive discovery and be prepared to testify on these topics at their February depositions.[1]

Olsen asks the Court to award her reasonable fees and costs for bringing this motion. (Dkt. No. 282 at 17.) If the Court grants a Rule 37 motion, the Court must award fees unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Here, given the Court's previous orders, there was reasonable dispute as to the relevance of the documents. Olsen's request for fees is DENIED.

DATED this 27th day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Anderson has a pending motion to dismiss her WCPA claim (Dkt. No. 284). Until that motion is resolved, Anderson is under no obligation to provide the requested discovery. However, should Anderson's WCPA claim remain after the motion's resolution, this order shall apply equally to her.