THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>                    Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Alexandra Hewardt Anderson's motion to dismiss (Dkt. No. 284). Anderson seeks a dismissal without prejudice of her Washington Consumer Protection Act (WCPA) claim against Defendants Audit & Adjustment Company, Inc. and Kimberlee Walker Olsen. (*Id.* at 1.)

Typically, a "plaintiff's motion to dismiss a single claim of a multi-count complaint is properly treated as a motion to amend under Fed. R. Civ. P. 15." *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 517 (9th Cir. 1987). Here, however, the pleading amendment deadline passed a month before Anderson filed her motion. (*See* Dkt. Nos. 122, 284.) Thus, Anderson's "ability to amend h[er] complaint [i]s governed by Rule 16(b), not Rule 15(a)." *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). Under the Rule 16(b) standard, Anderson must show "good cause" to modify the case schedule. *See* Fed. R. Civ. P. 16(b)(4).

Anderson argues that good cause exists here because, in light of the Court's denial of class certification, she determined that the amount of money at issue for her WCPA claim does not justify the resources that would be expended. (Dkt. No. 294 at 2.) Anderson further asserts that removing her WCPA claim will be more efficient for the parties and the Court. (*Id.*) Given this efficiency, as well as Anderson's relatively late joinder, the Court finds good cause to excuse her untimely filing.

Accordingly, Anderson's motion to dismiss (Dkt. No. 284) is GRANTED. Anderson's claim is dismissed without prejudice.

DATED this 13th day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE