The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>                     Plaintiff,<br><br>vs.<br><br>ALLIANCEONE RECEIVEABLES MANAGEMENT, INC.,<br><br>                     Defendant. | No. C15-1012-JCC<br><br>KING COUNTY'S MOTION FOR SUMMARY JUDGMENT DISMISSAL PURSUANT TO FRCP 56<br><br>NOTE FOR MOTION CALENDAR: FRIDAY, APRIL 7, 2017 |

## I.  INTRODUCTION AND STATEMENT OF RELIEF SOUGHT

King County was joined in these consolidated cases pursuant to an order of this Court. The Court's order for joinder was based on its determination that the issues in this litigation put the validity of a King County District Court General Administrative Order (GAO) in question. For that reason and because no party has requested relief against King County, the County respectfully requests that it be dismissed from each of the consolidated cases.

## II.  RELEVANT FACTS

These consolidated cases were brought by plaintiffs who assert defendant collection agencies and attorneys violated the Fair Debt Collection Practices Act ("FDCPA") in filing

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 1

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

collection actions against them in King County District Court (KCDC). Dkt. 169 (*Mosby Revised Second Amended Complaint*); Dkt. 186 (*Simmons Revised Complaint*); Dkt. 205-1 (*Jones Corrected Revised Second Amended Complaint*); Dkt. 246 (*Auxier Corrected Second Amended Complaint*); Dkt. 286 (*Linehan Amended Complaint*). Plaintiffs claim defendants violated the FDCPA's requirement that a debt collector bringing a legal action against a consumer "bring such action only in the judicial district or similar legal entity – (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). Plaintiffs assert defendants brought collection actions against them in divisions of KCDC that violated this provision of the FDCPA.

In motions to dismiss, defendants argued in part that the KCDC divisions in which they brought the legal actions against plaintiffs were set by KCDC General Administrative Order (GAO) 13-10. Dkt. No. 40. This order pre-assigned civil collection cases filed by the highest-volume filers to certain divisions of the KCDC. *See* Judge Harn Declaration at ¶4, Ex. A. As stated in the GAO, its purpose was to promote prompt and efficient customer service. *Id.*

The customers referred to in the GAO were <u>all</u> customers of the court – plaintiffs, defendants, witnesses and attorneys. *See* Judge Harn Declaration at ¶5, Ex. A. The GAO promoted good service to these customers in part by balancing judicial caseload and ensuring that the judges hearing civil cases in each division were able to manage their dockets and reduce the time litigants had to wait for their cases to be called. *Id.* at 1. GAO 13-10 also consolidated cases filed by the highest volume civil collection filers in particular divisions of the court so that the collection agency attorneys could appear for their cases in one location. *Id.* This was a benefit to the collection agency attorneys, but it also benefited defendants who otherwise might have had to wait for a collection agency attorney to arrive from another division's courthouse for

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 2

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

that defendant's case to be heard. *Id.* at 1-2. KCDC has adopted similar administrative orders for other types of cases including state criminal and infraction matters. *Id.* at 2 and Ex. B (GAO 15-05 (cases assigned to specific courthouses according to police agency)).

In ruling on different motions to dismiss filed by defendants in these consolidated cases, the Court reached several conclusions relevant to GAO 13-10. First, the Court concluded that the divisions of KCDC constitute judicial entities for purposes of § 1692i of the FDCPA. Dkt. 26 at 4. Second, the Court concluded that to the extent the GAO is inconsistent with the FDCPA, it is preempted. Dkt. 26 at 3.

In their motions to dismiss, defendants Merchants Credit Corp. and Robert Friedman argued that if the cases against them were not dismissed, King County should be joined as a necessary party under Fed R. Civ. P. 19. (Dkt. No. 40 at 14-15; Dkt. No. 134 at 15-16.) The defendants argued that failure to join King County would impair or impede King County's ability to protect its interest in court rules and orders.

Plaintiffs argued against joinder citing to the fact that King County chose not to claim an interest in the subject relating to the litigation under Fed. R. Civ. P. 19(B). Dkt. 51 at 3; Dkt. No. 146 at 15. Nonetheless, the Court ordered joinder citing to a Ninth Circuit case holding that where a lawsuit could result in the invalidation or modification of a public entity's ordinances, rules, regulations or practices, the public entity has an interest. Dkt. 162 at 15 (quoting *Equal Emp't Opportunity Comm'n v. Peabody West. Coal Co*., 610 F.3d 1070, 1082 (9th Cir. 2010)). Applying *Peabody* to the present cases, the Court stated:

> Here, the Court has determined that King County GAOs are preempted to the extent they conflict with federal law; thus, their validity is in question. Under *Peabody*, King County has an interest in this lawsuit.

Dkt. 162 at 15.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 3

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1  King County was thereafter served with summonses and complaints in the consolidated
2  cases and the County timely filed answers. In January and early February, plaintiffs took the
3  depositions of two King County officials, Judge Peter Nault and Judge Corinna Harn.

4  On February 8, 2017, KCDC rescinded GAO 13-10. *See* Judge Harn Declaration at ¶7,
5  Ex. B. The defendant collection agencies and attorneys are no longer directed by court
6  administrative order to file their cases in a particular division of KCDC.

### III.   ISSUE PRESENTED

Should King County be dismissed from these consolidated cases where there is no longer a possibility that the litigation could result in the invalidation or modification of KCDC administrative orders and where no parties have requested relief against King County?

### IV.   ARGUMENT

A. <u>Standard on summary judgment</u>.

Summary judgment is proper when the pleadings, answers to interrogatories, admissions and any affidavits, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pr. 56(c). The Supreme Court has stated that the Rule does not require the moving party to produce evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rather, the moving party need only point out that the non-moving party lacks evidence to support his case. *Id*.

In response to the motion, the non-moving party may not merely rely on his pleadings, *id*. at 324, but must "come forward with 'specific facts showing that there is a <u>genuine issue for trial</u>.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis added)). "[T]here is no issue for

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 4

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1  trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

2  for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d

3  202 (1986) (*citing First Nat'l Bank of Arizona v. City Services Co.*, 391 U.S. 253, 88 S.Ct. 1575,

4  20 L.Ed.2d 569 (1968)).

5       For purposes of the present motion, there is no genuine issue as to any material fact.

6  King County no longer has any interest that would be impaired or impeded by the disposition in

7  these consolidated cases. Summary judgment dismissal of King County from these cases is

8  therefore appropriate.

9       B.  <u>The District Court no longer has an interest to be protected.</u>

10       In entering its orders in the present cases, the Court has ruled that for purposes of the

11  FDCPA, the divisions of KCDC are the relevant bodies. And the Court has ruled that to the

12  extent a KCDC order conflicts with the FDCPA, it is preempted. Based on these rulings, KCDC

13  stopped enforcing the pre-assignment provisions of GAO 13-10 and on February 8, 2017,

14  rescinded the order in its entirety. *See* Judge Harn Declaration at ¶7, Ex. B.

15       Though KCDC adopted GAO 13-10 and the preceding pre-assignment orders with the

16  interests of its customers and the efficient use of government resources in mind, it has now

17  adapted its practices to comply with the Court's rulings in this case. KCDC is no longer pre-

18  assigning civil collection cases to specific divisions of KCDC and the present consolidated cases

19  no longer present a challenge to the validity of a KCDC court order.

20       The Court joined King County in these consolidated cases because of the County's

21  interest in its GAO. That GAO no longer exists and neither does the County's interest under

22  Fed. R. Civ. P. 19.

23

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 5

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

### C. No party is seeking relief against the County.

Pursuant to the Court order, plaintiffs in these consolidated cases added King County as defendant. In each case, King County was named by plaintiffs as a "nominal defendant" with no relief being sought by any plaintiff against the County. *See* Dkt. 169 at 1-2; Dkt. 186 at 2; Dkt. 205-1 at 1-2; Dkt. 246 at 1-2; Dkt. 286 at 2-3. As a result, the County's dismissal from these consolidated cases will not affect any party's ability to get the relief they seek in these cases.

### V.   CONCLUSION

For the reasons set forth above, King County respectfully requests that it be dismissed from each of these consolidated cases.

DATED this 16th day of March, 2017.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ Kimberly Y. Frederick*
KIMBERLY Y. FREDERICK, WSBA #37857
Senior Deputy Prosecuting Attorney
500 Fourth Ave., Suite 900
Seattle, WA 98104
Kimberly.Frederick@kingcounty.gov
Attorneys for Defendant King County

By: *s/ Janine E. Joly*
JANINE E. JOLY, WSBA #27314
Senior Deputy Prosecuting Attorney
500 Fourth Ave., Suite 900
Seattle, WA 98104
Janine.Joly@kingcounty.gov
Attorneys for Defendant King County

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 6

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

**CERTIFICATE OF SERVICE**

1

2   I hereby certify that on March 16, 2017, I electronically filed the foregoing document,

3   Declaration of Judge Corinna Harn in support of King County's Motion for Summary Judgment

4   Dismissal Pursuant to FRCP 56 and [Proposed] Order with the Clerk of the Court using the

5   USDC E-Filing System which will send notification to the following parties:

| | |
|---|---|
| Daniel A. Edelman<br>Edelman, Combs, Latturner & Goodwin LLC<br>20 South Clark Street, Suite 1500<br>Chicago, IL 60603<br>dedelman@edcombs.com<br>*Attorneys for Plaintiff Linehan* | James A. Sturdevant<br>119 N Commercial, Ste 920<br>Bellingham, WA 98225<br>sturde@openaccess.org<br>*Attorneys for Plaintiff Linehan* |
| Antoinette Marie Davis<br>528 Third Avenue W., Ste. 102<br>Seattle, WA 98119<br>tonie@toniedavislaw.com<br>*Attorney for Consol Plaintiffs* | Guy William Beckett<br>Berry & Beckett, PLLP<br>1708 Bellevue Ave<br>Seattle, WA 98122-2017<br>gbeckett@beckettlaw.com<br>*Attorney for Consol Plaintiffs* |
| Kim Williams<br>Roblin John Williamson<br>Williamson & Williams<br>2239 W Viewmont Way W<br>Seattle, WA 98199<br>kim@williamslaw.com<br>roblin@williamslaw.com<br>*Attorneys for Consol Plaintiffs* | Matthew Geyman<br>Columbia Legal Services (SEA)<br>101 Yesler Way, Ste. 300<br>Seattle, WA 98104-2552<br>geyman@columbialegal.org<br>*Attorney for Consol Plaintiffs* |
| Eulalia Sotelo<br>Kimberly L Gunning<br>Columbia Legal Services (SEA)<br>401 2nd Ave S, Ste. 407<br>Seattle, WA 98104<br>Lili.sotelo@columbialegal.org<br>Kim.Gunning@columbialegal.org<br>*Attorney for Consol Plaintiffs* | Kathleen A. Nelson<br>Sarah E. Demaree<br>Lewis Brisbois Bisgaard & Smith LLP (WA)<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Kathleen.Nelson@lewisbrisbois.com<br>Sarah.Demaree@lewisbrisbois.com<br>*Attorneys for Consol Plaintiffs/Defendants Friedman* |

//

//

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 7

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

| | |
|---|---|
| Christopher E. Hawk<br>David William Cramer<br>Gordon Rees Scully Mansukhani (OR)<br>121 SW Morrison Street, Suite 1575<br>Portland, OR 97204<br>chawk@gordonrees.com<br>dcramer@gordonrees.com<br>*Attorneys for Defendant AllianceOne* | Jason L Woehler<br>Wales & Woehler<br>15127 NE 24th St., #403<br>Redmond, WA 98052-5544<br>jlwoehler@aol.com<br>*Consol Defendant* |
| Jonathan Joshua Loch<br>Marc Rosenberg<br>Joel E. Wright<br>Lee Smart PS Inc<br>701 Pike St, Ste 1800<br>One Convention Pl<br>Seattle, WA 98101-3929<br>JJL@leesmart.com<br>mr@leesmart.com<br>jw@leesmart.com<br>*Attorneys for Consol Defendants* | James Donald Nelson<br>Natalie Anne Moore<br>Shaina Rhodes Johnson<br>Betts Patterson & Mines (SEA)<br>701 Pike St., Ste 1400<br>Seattle, WA 98101-3927<br>jnelson@bpmlaw.com<br>nmoore@bpmlaw.com<br>sjohnson@bpmlaw.com<br>*Attorneys for Consol Defendant Olsen* |
| Jeffrey Edward Bilanko<br>Gordon & Rees (WA)<br>701 Fifth Ave, Ste 2100<br>Seattle, WA 98104<br>jbilanko@gordonrees.com<br>*Attorneys for Consol Defendant Physicians* | Robert E Sabido<br>Timothy J. Fransen<br>Cosgrave Vergeer Kester<br>500 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, OR 97204<br>rsabido@cosgravelaw.com<br>tfransen@cosgravelaw.com<br>*Attorneys for Consol Defendant Asset* |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 16th day of March, 2017.

*s/ Heidi Lau*
HEIDI LAU
Paralegal
King County Prosecuting Attorney's Office

---

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT DISMISSAL PURSUANT TO FRCP 56
CASE NO. C15-1012-JCC - 8

CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819