The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | No. C15-1012-JCC<br>(Consolidated Actions)<br><br>PLAINTIFFS MOSBY, FOUTZ, CORMIER, ERICKSON AND CONROY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE<br><br>NOTED ON MOTION CALENDAR:<br>April 21, 2017 |

## I. **RELIEF REQUESTED**

Plaintiffs Theresa Mosby, Rebecca Foutz, Marilynn Cormier, Kelsey Erickson and Renee Conroy ("Plaintiffs") request that the Court enter partial summary judgment that Defendants Merchants Credit Corporation, Jason Woehler and Erik Bakke ("Merchants," "Woehler" and "Bakke," and collectively "Defendants") are liable to Plaintiffs for Defendants' violations of the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i. Plaintiffs seek this relief pursuant to Federal Rule of Civil Procedure 56, based on the undisputed facts in the record and as a matter of law, as set forth below.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 1

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

## II. STATEMENT OF UNDISPUTED FACTS

<u>Plaintiff Theresa Mosby</u>. On February 4, 2015, Defendants filed a collection lawsuit in the Issaquah (East) Division of King County District Court ("KCDC") (Case No. 153-04966) against Plaintiff Theresa Mosby, who resided at the time at 2511 S. 248th Street, B16, Kent, Washington, which is not in the KCDC East Division in Issaquah. Declaration of Matthew Geyman for Plaintiffs' Motion for Partial Summary Judgment on Liability as to Defendants Merchants Credit Corporation, Jason Woehler and Erik Bakke ("Geyman Decl."), Ex. A (Case Cover Sheet, Summons and Complaint). Defendants contend that Ms. Mosby was served at that address on February 8, 2015. *Id.*, Ex. B & C (Declaration of Service and Declaration of Anthony Hermansen re Service of Process). The Case Cover Sheet alleges that a debt is owed by Ms. Mosby for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Mosby and the creditors who assigned the claims to Merchants for collection. *Id.*, Ex. A.

<u>Plaintiff Rebecca Foutz</u>. On January 7, 2015, Defendants filed a collection lawsuit in the Issaquah (East) Division of KCDC (Case No. 153-04567) against Plaintiff Rebecca Foutz, who resided at the time at 5234 University Way N.E., Apt. 103, Seattle, Washington, which is not in the KCDC East Division in Issaquah. Geyman Decl., Ex. D (Case Cover Sheet, Summons and Complaint). Ms. Foutz was served at that address on January 14, 2015. *Id.*, Ex. E (Declaration of Service). The Case Cover Sheet alleges that a debt is owed by Ms. Foutz for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Foutz and the creditor who assigned the claim to Merchants for collection. *Id.*, Ex. D. When Defendants

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 2

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

subsequently filed a motion for default judgment in the KCDC action, there was no claim that the motion was based on any contract between Ms. Foutz and the assignor. *Id*., Ex. F (Motion, Declaration and Order for Default Judgment).

Plaintiff Marilynn Cormier. On January 8, 2014, Defendants filed a collection lawsuit in the Issaquah (East) Division of KCDC (Case No. 143-04645) against Plaintiff Marilynn Cormier, who resided at the time at 7164 18th Avenue S.W., Seattle, Washington, which is not in the KCDC East Division in Issaquah. Geyman Decl., Ex. G (Case Cover Sheet, Summons and Complaint). Ms. Cormier was served at that address on January 14, 2014. *Id.*, Ex. H (Declaration of Service). The Case Cover Sheet alleges that a debt is owed by Ms. Cormier for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Cormier and the creditors who assigned the claim to Merchants for collection. *Id*., Ex. G. When Defendants subsequently filed a motion for default judgment in the KCDC action, there was no claim that the motion was based on any contract between Ms. Cormier and the assignors. *Id*., Ex. I (Motion, Declaration and Order for Default Judgment).

Plaintiff Kelsey Erickson. On June 10, 2015, Defendants filed a collection lawsuit in the Issaquah (East) Division of KCDC (Case No. 153-06068) against Plaintiff Kelsey Erickson, who resided at the time at 731 5th Avenue S., Apt. 28, Kent, Washington, which is not in the KCDC East Division in Issaquah. Geyman Decl., Ex. J (Case Cover Sheet, Summons and Complaint). Ms. Erickson was served at that address on June 15, 2015. *Id.*, Ex. K (Declaration of Service). The Case Cover Sheet alleges that a debt is owed by Ms. Erickson for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Erickson and the creditors

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE (NO. C15-1012-JCC) – 3

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

who assigned the claim to Merchants for collection. *Id.*, Ex. J.

<u>Plaintiff Renee Conroy</u>. On January 10, 2013, Defendants filed a collection lawsuit in the Issaquah (East) Division of KCDC (Case No. 133-10309) against Plaintiff Renee Conroy, who resided at the time at 3111 S. Graham Street, Seattle, Washington, which is not in the KCDC East Division in Issaquah. Geyman Decl., Ex. L (Case Cover Sheet, Summons and Complaint). Ms. Conroy was served at that address on January 31, 2013. *Id.*, Ex. M (Declaration of Service). The Case Cover Sheet alleges that a debt is owed by Ms. Conroy for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Conroy and the creditors who assigned the claim to Merchants for collection. *Id.*, Ex. L. When Defendants subsequently filed a motion for default judgment in the KCDC action, there was no claim that the motion was based on any contract between Ms. Conroy and the assignors. *Id.*, Ex. N (Motion, Declaration and Order for Default Judgment).

On September 24, 2014, Defendants filed a second collection lawsuit in the Issaquah (East) Division of KCDC (Case No. 143-07775) against Ms. Conroy, who still resided at 3111 S. Graham Street, Seattle, Washington, which is not in the KCDC East Division in Issaquah. Geyman Decl., Ex. O (Case Cover Sheet, Summons and Complaint). Ms. Conroy was served at that address on September 27, 2014. *Id.*, Ex. P (Declaration of Service). The Case Cover Sheet alleges that a debt is owed by Ms. Conroy for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Conroy and the creditors who assigned the claim to Merchants for collection. *Id.*, Ex.O. When Defendants subsequently filed a motion for default judgment in the KCDC action, there was no claim the motion was based on any contract between

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE (NO. C15-1012-JCC) – 4

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

Ms. Conroy and the assignors. *Id*., Ex. Q (Motion, Declaration and Order for Default Judgment).

On September 9, 2015, Defendants filed a third collection lawsuit in the Issaquah (East) Division of KCDC (Case No. 153-06806) against Ms. Conroy, who still resided at 3111 S. Graham Street, Seattle, Washington, which is not in the KCDC East Division in Issaquah. Geyman Decl., Ex. R (Case Cover Sheet, Summons and Complaint). Ms. Conroy was served at that address on October 12, 2015. *Id.*, Ex. S (Declaration of Service). The Case Cover Sheet alleges that a debt is owed by Ms. Conroy for "goods and services" and the Complaint alleges an "amount remains unpaid despite demand" for "certain goods and services"; they do not allege a breach of any contract between Ms. Conroy and the alleged creditors who assigned the claim to Merchants for collection. *Id*., Ex. R.

## III. STATEMENT OF ISSUES

Whether the Court should enter an order of partial summary judgment on liability in favor of Plaintiffs against Defendants for violating the venue provision of the FDCPA, 15 U.S.C. § 1692i.

## IV. EVIDENCE RELIED UPON

Plaintiff relies upon the Declaration of Matthew Geyman and all exhibits attached to the declaration, as well as all documents and pleadings on file with the Court in this matter.

## V. AUTHORITY

**A.   Summary Judgment Standards.**

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" as to a claim, or for purposes of this Motion, "part of each claim," and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving parties, Plaintiffs bear the initial burden of explaining why there is no genuine issue of material fact with respect to the part

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 5

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

of the claim or claims for which partial summary judgment is sought – here, Defendants' liability under the FDCPA. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). The burden then shifts to Defendants as the nonmoving parties to demonstrate a genuine issue of material fact that precludes summary judgment. *Celotex*, 477 U.S. at 324. As the parties opposing summary judgment, Defendants must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505 (1986); *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). If the Court concludes that Defendants have failed to establish a genuine issue of material fact as to their liability under the FDCPA and that Plaintiffs are entitled to partial summary judgment on liability as a matter of law, the Court should enter partial summary judgment as to liability on Plaintiffs' FDCPA claim, with the issue of damages and other relief reserved for trial.

**B.     The Court Should Grant Partial Summary Judgment as to Liability on Plaintiffs' FDCPA Claim.**

"In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers." *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004) (citing 15 U.S.C. § 1692(a)); *see also Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (noting that Congress enacted the FDCPA "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy . . . [and] to guarantee that consumers would receive adequate notice of their rights under the law"). To serve this remedial purpose, "the FDCPA broadly enumerates several practices considered contrary to these goals, and forbids debt collectors from taking such action." *Sprinkle v. SB&C Ltd.*, 472

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 6

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

F. Supp. 2d 1235, 1245 (W.D. Wash. 2006). The FDCPA is a strict liability statute that must be construed liberally in favor of the debtor. *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1175-76 (9th Cir. 2006). Plaintiffs do not need to prove that Defendants intentionally, knowingly or willfully violated the FDCPA's requirements. *Hunt v. Check Recovery Sys., Inc.*, 478 F. Supp. 2d 1157, 1169 (N.D. Cal. 2007).

A FDCPA violation is established if (1) the plaintiff is a "consumer," (2) the alleged obligation is a "debt," (3) the action complained of was by a "debt collector," and (4) either the defendant's acts or omissions were prohibited by the FDCPA, or the defendant failed to take an action required by the FDCPA. *See* 15 U.S.C. §§ 1692a(3), (5) & (6). Here, as detailed below, there is no genuine issue of material fact as to any of these elements, and the Court should find that Defendants are liable for violating the FDCPA.

### 1. Plaintiffs Are "Consumers" as Defined by the FDCPA.

Under the FDCPA, the term "consumer" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). There is no dispute that Plaintiffs are natural persons.

### 2. Defendants Collected "Debts" as Defined by the FDCPA.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes[.]" 15 U.S.C. § 1692a(5). The debts that Plaintiffs allegedly incurred were alleged debts for medical services. *See* Geyman Decl., Exhs. A, D, G, J, L, O & R (Complaints against Plaintiffs alleging debts allegedly owed to various medical providers). Thus there is no dispute that by filing the debt collection actions against Plaintiffs, Defendants were attempting to collect "debts" as

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE (NO. C15-1012-JCC) – 7

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

defined by 15 U.S.C. § 1692a(6). *See also Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997) (holding that alleged obligation to pay for hospital services was a "debt" for purposes of the FDCPA).

### 3. Defendants Are "Debt Collectors" as Defined by the FDCPA.

A "debt collector" as defined in the FDCPA is "any person who uses any instrumentality of interstate commerce or the mail . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Debt collectors may include attorneys litigating cases on behalf of their clients and "who 'regularly' engage in consumer debt collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 297, 115 S.Ct. 1489 (1995).

Here, Defendant Merchants, through its collection attorneys, Defendants Woehler and Bakke, filed debt collection actions against Plaintiffs, and it cannot be disputed that in so doing Defendants were each acting as debt collectors under the FDCPA. *Heintz*, 514 U.S. at 297.

### 4. Defendants Violated the FDCPA's Venue Provision by Bringing the Collection Action Against Plaintiffs in the Wrong Venue.

The FDCPA requires that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i. For FDCPA purposes, the "judicial district or similar legal entity" in which debtor defendants reside is the "smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 756 (2014); *see also* Order Denying Motion to Dismiss (Dkt. No. 26) at 4 (same,

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 8

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

following *Suesz*).

This Court has already held that "the *divisions* of the King County District Court constitute judicial entities for the purposes of § 1692i." *See* Order Denying Motion to Dismiss (Dkt. No. 26) at 3-4 (emphasis added); *see also* Order on Motions to Dismiss (Dkt. No. 44) at 3; Order on Motions to Dismiss (Dkt. No. 162) at 4-5.

It is undisputed that Plaintiffs were not sued in the "judicial district or similar legal entity. . . in which [they] reside[d] at the commencement of the action. The lawsuits were filed, and Plaintiffs were served with the Summonses and Complaints, in the Issaquah (East) Division of KCDC in which they did not reside. Further, the collection actions Defendants brought against Plaintiffs were not for breach of contract; thus, there were no contracts "sued upon." *See* Geyman Decl., Exhs. A, D, G, J, L, O & R (case cover sheets and complaints against Plaintiffs alleging debts allegedly owed to various medical providers for "goods and services" rendered, none of which assert a claim for breach of contract) & *id*., Exhs. F, I, N & Q (motions and orders for default judgments against Plaintiffs in which no contracts were submitted and there was no claim by Defendants that the default judgments were based on any contracts between Defendants and the assignors). *See Discover Bank v. Bridges,* 154 Wn. App. 722, 727, 226 P.3d 191 (2010) (reversing summary judgment, holding that defendant could not be held liable for breach of contract without evidence of alleged contract); *Unifund, CCR, LLC v. Elyse,* 195 Wn. App. 110, 115, 382 P.3d 1090 (2016) (failure of creditor to introduce evidence of written contract with debtor precluded entry of judgment for creditor on breach of contract claim); King County District Court Local Rule 55(3) ("Any party seeking a default judgment shall submit at least the following [:] … In causes of action based upon all contracts: sworn testimony to prove performance may be required, together with filing of a copy of the contract, if written[.]).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE (NO. C15-1012-JCC) – 9

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

## V. CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court enter an order of partial summary judgment in their favor on liability against the Defendants, based on their violations of the venue provision of the FDCPA, 15 U.S.C. § 1692i.

DATED: March 20, 2017

| COLUMBIA LEGAL SERVICES | ANTOINETTE M. DAVIS LAW, PLLC |
|---|---|
| By /s/ *Matthew Geyman* <br> Matthew Geyman, WSBA #17544 <br> Eulalia Sotelo, WSBA #41407 <br> Kimberlee L. Gunning, WSBA #35366 <br> 101 Yesler Way, Suite 300 <br> Seattle, WA 98104 <br> Phone: 206-287-9661 / Fax 206-382-3386 | By /s/ *Antoinette M. Davis* <br> Antoinette M. Davis, WSBA #29821 <br> 119 – 1st Ave. S., Ste. 500 <br> Seattle, WA 98104 <br> Phone: 206-486-1011 <br> Fax:    206-905-5910 |
| BERRY & BECKETT, PLLP | WILLIAMSON AND WILLIAMS, LLC |
| By */s/ Guy W. Beckett* <br> Guy W. Beckett, WSBA #14939 <br> 1708 Bellevue Avenue <br> Seattle, WA 98122 <br> Phone: 206-441-5444 <br> Fax:    206-838-6346 | By /s/ *Rob Williamson* <br> Kim Williams, WSBA #9077 <br> Rob Williamson, WSBA #11387 <br> 2239 W Viewmont Way W <br> Seattle, WA 98199 <br> Phone:   206-294-3085 |

Counsel for Plaintiffs Theresa Mosby, Rebecca Foutz, Marilynn Cormier, Kelsey Erickson and Renee Conroy

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE (NO. C15-1012-JCC) – 10

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

# CERTIFICATE OF SERVICE

On March 20, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification and deliver such filing to the following counsel of record:

Marc Rosenberg
Jonathan J. Loch
LEE SMART, P.S., INC.
1800 One Convention Place
701 Pike Street
Seattle, WA  98101
(206) 624-7990
mr@leesmart.com
jjl@leesmart.com

Janine Joly
Kimberly Y. Frederick
KING COUNTY PROSECUTING ATTORNEY'S OFFICE
500 Fourth Avenue, Suite 900
Seattle, WA  98104
(206) 296-9015
janine.joly@kingcounty.gov
kimberly.frederick@kingcounty.gov

Kathleen A. Nelson
Sarah E. Demaree
LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA  98101
(206) 436-2020
Kathleen.nelson@lewisbrisbois.com
Sarah.demaree@lewisbrisbois.com

Jeffrey Edward Bilanko
GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
(206) 695-5100
jbilanko@gordonrees.com

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANTS MERCHANTS CREDIT CORPORATION, JASON WOEHLER AND ERIK BAKKE (NO. C15-1012-JCC) – 11

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

Christopher E. Hawk
David W. Cramer
GORDON & REES LLP
121 SW Morrison, Suite 1575
Portland, OR 97204
(503) 222-1075
chawk@gordonrees.com
dcramer@gordonrees.com

Jason L. Woehler, Attorney at Law
705 Second Avenue, Suite 605
Seattle, WA 98104
(206) 622-0232
jlwoehler@aol.com

James Donald Nelson
Natalie Moore
Shaina Rhodes Johnson
BETTS PATTERSON MINES
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101
(206) 292-9988
jnelson@bpmlaw.com
nmoore@bpmlaw.com
sjohnson@bpmlaw.com

Robert E. Sabido
COSGRAVE VERGEER KESTER
500 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
rsabido@cosgravelaw.com

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
dedelman@edcombs.com

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 12

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661

James A. Sturdevant
LAW OFFICES OF JAMES STURDEVANT
1119 North Commercial Street, Suite 920
Bellingham, WA 98225
(360) 671-2990
sturde@openaccess.org

                                       */s/ Matthew Geyman*
                                       Matthew Geyman, WSBA #17544

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LIABILITY AS
TO DEFENDANTS MERCHANTS CREDIT
CORPORATION, JASON WOEHLER AND
ERIK BAKKE (NO. C15-1012-JCC) – 13

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 287-9661