THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. C15-1012-JCC<br><br>ORDER DENYING PLAINTIFF LINEHAN'S MOTION FOR CERTIFICATION |

This matter comes before the Court on Plaintiff Timothy Linehan's motion to certify class (Dkt. No. 369). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES certification for the reasons explained herein.

## I. BACKGROUND

The facts underlying these consolidated cases have been repeatedly set forth by the Court and will not be repeated here. (*See, e.g.*, Dkt. No. 26 at 1-2.) The Court has also previously addressed the question of certification in this case with respect to numerous other Plaintiffs with claims nearly identical to Linehan's. (*See generally* Dkt. No. 257.) There, the Court was asked to certify a "Fair Debt Collections Practices Act (FDCPA) Class" defined as: "All persons sued by Defendants in a Division of the King County District Court in which they did not reside, on or

after the date one year prior to the filing of the consolidated actions." (*See* Dkt. No. 198 at 2.) The Court declined to certify the class. (Dkt. No. 257 at 1.)

Linehan now seeks to certify the following class: "(a) all natural persons (b) sued by defendant (c) in a King County District Court division (d) other than one in which the person resided at the time the action was filed or the one where the person signed a contract upon which the debt is based (e) where either the original action or a past judgment proceeding was filed on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action." (Dkt. No. 369 at 1-2.) This proposed class is essentially identical to the one previously rejected by the Court.

## II. DISCUSSION

### A. Legal Standard for Class Certification

A party seeking to litigate a claim as a class representative must affirmatively satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). In determining whether the plaintiffs have carried this burden, the Court must conduct a "rigorous analysis." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). This inquiry may "entail some overlap with the merits of the plaintiff's underlying claim," though the Court considers the merits only to the extent that they overlap with the requirements of Rule 23 and allow the Court to determine the certification issue on an informed basis. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The ultimate decision to certify a class is within the Court's discretion. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

### B. Rule 23(a) Requirements

Under Rule 23(a), one or more members of a class may sue as representative plaintiffs only if four requirements are met: (1) the class is so numerous that joinder is impracticable; (2) the claims or defenses of representative parties are typical of those of the class; (3) the

representatives will fairly and adequately protect the interests of the absent class members; and (4) there are common questions of law or fact to the class.

### 1. Numerosity

The numerosity requirement requires the examination of the specific facts of each case, though "in general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 2010 WL 2124096 at *4 (9th Cir. May 27, 2010); *see also Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 652 (W.D. Wash. 2011) (certifying a class of 43 to 54 members). In the previous certification order, the Court found numerosity satisfied, reasoning that "Plaintiffs presented evidence to show the class members may number in the thousands, making joinder unquestionably impracticable." (Dkt. No. 257 at 3.)

Here, Linehan asserts that the class is made up of 60 members, exceeding the informal 40-person bar. (Dkt. No. 369 at 2.) In response, AllianceOne raises arguments about identifying class members that are similar to those rejected by the Court in the previous certification order. (Dkt. No. 379 at 5-6; Dkt. No. 257 at 3-4.) Thus, the Court finds the numerosity prong satisfied.

### 2. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal quotations omitted). Here, Linehan has the same claim as all class members: they were sued in a division of King County District Court where they did not live or sign the underlying contract. While AllianceOne raises issues about Linehan's factual background, (*see* Dkt. No. 379 at 8-9), that would go to commonality or predominance, both discussed below. The typicality requirement is met.

### 3. Adequacy of Representation

To determine whether the representative parties will adequately represent a class, the Court must examine whether the named plaintiffs and their counsel (1) have any conflicts of

interest with other class members and (2) will prosecute the action vigorously on behalf of the class. *Id.* at 985. Here, Linehan seeks relief identical to the putative class members, negating any suggestion of conflicting interests. AllianceOne does not challenge the qualifications of his counsel and makes no argument as to Linehan's adequacy. (Dkt. No. 379 at 9.) The Court concludes the adequacy prong is met.

    4. <u>Commonality</u>

Finally, a plaintiff must demonstrate that the "class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza*, 666 F.3d at 588 (quoting *Dukes*, 564 U.S. at 350). The key inquiry is not whether the plaintiffs have raised common questions, but whether "class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350).

In the previous certification order, the Court found that the commonality requirement was not satisfied, because the common question in this case has already been answered. (Dkt. No. 257 at 6.) The Court reasoned that, "[w]ith that resolved, the remaining questions are unlikely to 'generate common *answers*' for the entire class." (*Id.*)

Linehan maintains that here, the commonality prong is nonetheless met, because the "predominant outstanding common question is whether AllianceOne has a bona fide error defense to liability for its violation of the FDCPA." (Dkt. No. 369 at 3.) But as the Court already specifically advised Linehan:

> The fact that AllianceOne raised a bona fide error defense does not differentiate it from the other Defendants in this case. (*See* Dkt. No. 220 at 5; Dkt. No. 240 at 27-30.) In fact, the Court found that the presence of such defenses contributed to the predominance of individual, rather than common, issues. (Dkt. No. 257 at 8.)

(Dkt. No. 357 at 2.) Linehan has demonstrated no reason why the outcome should be any different here. In sum, the requirements of Rule 23(a) are not all met.

## C. Rule 23(b) Requirements

In addition to the lack of commonality, Plaintiffs fail to establish that this class is maintainable under Rule 23(b)(3). This prong requires two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. The Court answers both in the negative.

*Predominance*: The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotations omitted).

As discussed above—as well as in the Court's previous certification order—the common question in this case has already been answered. What remains are a multitude of individual inquiries, rendering a class action inappropriate. Linehan has not demonstrated predominance.

*Superiority*: Rule 23(b)(3) also requires the Court to find that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001).

This is the case here: given that the central common question is already resolved and there remain only individual inquiries, class certification is not the best method of adjudicating the claims against AllianceOne.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Linehan's motion for class certification (Dkt. No. 369).

DATED this 19th day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE