UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.<br><br>Defendant. | CASE NO. C15-1012-JCC<br>(Consolidated Actions)<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AUTHORIZING DISTRIBUTION OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING DATE AS TO DEFENDANTS PHYSICIANS & DENTISTS CREDIT BUREAU, INC. AND JASON WOEHLER |

This matter comes before the Court on the motion for preliminary approval of a Settlement Agreement (the Agreement) among Plaintiffs Joshua Auxier, James Duncan, Dixie Duncan, and Gennell Cordova (referred to herein as Plaintiffs) and Defendants Physicians & Dentists Credit Bureau, Inc. (P&D) and Jason Woehler (referred to herein as Defendants), which, if finally approved by the Court, will resolve the putative class action brought by Plaintiffs against Defendants (the Action). Having fully considered the motion and the relevant record, the Court now FINDS and ORDERS as follows[1]:

---

[1] All capitalized terms not otherwise defined in this order shall have the same meaning as defined in the Agreement.

# I. FINDINGS

1. Preliminary certification for settlement purposes of only the Settlement Classes defined in the Agreement is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Potential class members will have the opportunity to opt out of or object to the Settlement Classes.

2. The Settlement appears fair, reasonable, and adequate and has been entered into in good faith. Counsel for the settling parties have represented to the Court that the Settlement is the product of arms'-length, serious, informed, and non-collusive negotiations between Plaintiffs' Counsel and Defendants' Counsel. These negotiations took place following lengthy contested litigation, extensive discovery between the parties, and additional exchange of information concerning the claims of the Settlement Classes. Plaintiffs' Counsel and Defendants' Counsel are knowledgeable and experienced in class action litigation and in the subject matter involved in this case.

3. Neither the fact of the Settlement nor the submission of the Agreement for court approval constitutes, or shall be construed as, an admission by Plaintiffs that their claims lacked merit, nor an admission of liability or responsibility on the part of Defendants, who continue to deny all liability and disclaim all responsibility.

4. A hearing is appropriate to consider whether to grant final approval of the Settlement, at which time the Court will hear from the parties to the Agreement and any Members of the Settlement Classes who properly object and appear, and will evaluate the proposed Settlement and the application of Plaintiffs' Counsel for an award of attorney fees, costs, and expenses (the Attorney's Award), and the Class Representatives' incentive award (the Class Representatives' Incentive Awards). Holding the Final Approval Hearing on Tuesday, October 24, 2017 will allow sufficient time for Members of the Settlement Classes to receive notice of and object to the Settlement or opt out of the Settlement, if they so desire.

5. The plan for notifying Members of the Classes set forth in the Agreement and the proposed Settlement Notice (the Notice Plan) comports with all of the requirements of Rule 23

and federal standards of constitutional due process as the best notice practicable under the circumstances of this case. The Notice Plan will provide the Members of the Settlement Classes with the information necessary to make an informed decision regarding their participation in the Settlement. The Notice Plan is accurate and informative regarding the Settlement and defenses asserted in the Action and the reasons for and the terms of the Settlement. The Notice Plan should be approved and the Settlement Notice attached as Exhibit B to the Settlement Agreement should be mailed to the Settlement Class.

## II. ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. This action is conditionally and preliminarily certified, for settlement purposes only, as a class action pursuant to Rule 23(a) and (b)(3) with two Settlement Classes defined as:

> All persons who, during the Fair Debt Collection Practices Act (FDCPA) Class Period, were sued by P&D in a division of the King County District Court (KCDC) where they did not reside (the FDCPA Class);
>
> and
>
> All persons who, during the Consumer Protection Act (CPA) Class Period, were sued by P&D in a division of the King County District Court (KCDC) where they did not reside and against whom a default judgment was taken (the CPA Class).

The Settlement Classes do not include Opt Outs. If for any reason the Agreement is not approved or the Effective Date does not occur, this provisional certification shall be null and void and shall not be used or referred to for any purpose in this Action or in any other action or proceeding.

2. Plaintiffs are appointed as Class Representatives and Berry & Beckett PLLP, Williamson and Williams, LLC, and Antoinette M. Davis Law, PLLC are hereby appointed as counsel for the Settlement Class.

3. Pending a final determination on whether the Settlement should be approved, neither Plaintiffs nor any Person in the Settlement Classes shall commence, maintain, or prosecute any action or proceeding other than the Action asserting any of the claims subject to the Agreement.

4. JND Legal Administration is appointed to act as the Settlement Administrator. The Settlement Administrator's and Defendants' respective obligations with respect to the distribution of the Class Notice, the Settlement Payments, the payment of the Attorney Fee Award, and the payment of the Class Representatives' Incentive Payments, shall be performed reasonably and in good faith. So long as they do, Defendants and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the releases in the Agreement, the Final Approval Order, and any judgment in the Action including the Final Approval Order shall be effective as of the Effective Date as to Plaintiffs, Plaintiffs' Counsel and every Settlement Class Member notwithstanding any such error and regardless of whether such error is corrected.

5. Within 30 calendar days from the date this Preliminary Approval Order is entered, the Settlement Administrator shall mail to the Members of the Settlement Classes the Settlement Notice and Claim Form. Proof of mailing of the Settlement Notice and Claim Form as provided above shall be filed at or prior to the Final Approval Hearing. The mailing and the form of the Settlement Notice Claim Form are hereby authorized and approved, and satisfy the Agreement, the notice requirements of Rule 23, and federal constitutional due process as the best notice practicable under the circumstances.

6. Class Counsel shall file with the Court and serve on Defendant's Counsel an application for final approval of the Settlement no later than six court days before the Final Approval Hearing. The petition for approval of the Attorney Award and the Class Representatives' Incentive Fees will be filed with the Court at least 30 days before the deadline for submitting objections to the settlement so that Class Members will have an opportunity to object to the requests for fees.

7. Any Person in the Settlement Classes may request exclusion by mailing or delivering a Request for Exclusion that satisfies the requirements of the Agreement to the Settlement Administrator no later than 60 days after the mailing of the Settlement Notice. The

Settlement Administrator shall email .pdf copies of each Request for Exclusion to Plaintiffs' Counsel and Defendants' Counsel within five days of receiving such Request for Exclusion.

8. Any Person in the Settlement Class who becomes an Opt Out by properly and timely exercising the right to be excluded from the Settlement Classes pursuant to the terms of the Agreement will not (i) be bound by any judgment entered in the Action in connection with the Settlement, including, without limitation, the Final Approval Order; (ii) be entitled to relief or be affected by the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement. Each Person in the Settlement Classes who does not submit a timely and properly completed and executed Request for Exclusion (Opt Out) shall be a Settlement Class Member and shall be bound by the terms of the Agreement and the Final Approval Order, if Final Approval and the Effective Date occur, whether or not such Settlement Class Member receives a Settlement Payment under the Settlement. The Final Approval Order shall have attached to it a schedule of the Opt Outs.

9. Settlement Class Members who do not enter an appearance either *pro se* or through their own attorneys will be represented at the Final Approval Hearing by Plaintiffs as Class Representatives and by Plaintiffs' Counsel as counsel for the Settlement Classes.

10. **The Court will conduct the Final Approval Hearing pursuant to Rule 23 on Tuesday, October 24, 2017 at 9:00 a.m., in the Courtroom of Judge John C. Coughenour of the United States District Court for the Western District of Washington in Seattle**, to (a) determine whether the proposed Settlement, on the terms and conditions set forth in the Agreement, is fair, reasonable, and adequate; (b) determine whether the Agreement should be finally approved, including whether the Settlement Notice has been distributed according to this Preliminary Approval Order; (c) determine whether the Action should be dismissed on the merits, with prejudice; (d) determine whether to grant or overrule any objections to the Settlement, the Agreement, the Attorney Award or the Class Representatives' Incentive Award; (e) consider Plaintiffs' Counsel's application for an Attorney Award and Class Representatives' Incentive Awards; and (f) consider whether the Final Approval Order should be entered. The

Final Approval Hearing may be continued without further notice to the Members of the Settlement Classes.

11. Class Members who wish to receive a Settlement Payment are required to timely submit a completed Claim Form in the form attached to the Agreement as Exhibit C. If Final Approval occurs, Defendants shall mail Settlement Payments to each Class member as provided in the Agreement.

12. Any Settlement Class Member may appear at the Final Approval Hearing and object to the Settlement or the application of Plaintiffs' Counsel for the Attorney Award or the Class Representatives' Incentive Awards. For any objection to be considered at the Final Approval Hearing, the objecting Settlement Class Member must (a) not be an Opt Out and (b) submit their objection to the Settlement Administrator pursuant to the provisions of the Settlement Agreement. The filing of an objection shall not extend the time within which a Settlement Class Member may file a Request for Exclusion.

13. This order is without prejudice to Defendants' right to contest all issues in the Action, including (without limitation) all issues under Rule 23 relating to the certification of a class, if the Settlement is terminated or not approved or the Effective Date does not occur for any reason. The certification of the Settlement Class is conditional and preliminary, solely for purposes of settlement, and is not a concession by Defendants on the merits of the Action or the existence of any certifiable class in this Action.

14. If the Settlement is terminated or not approved or the Effective Date does not occur for any reason, this order shall be rendered null and void and the parties shall return to their respective litigation positions as of the date immediately prior to its entry; provided, however, that a new case schedule for the parties to the Agreement shall be set by the Court.

IT IS SO ORDERED.

//

//

DATED this 1st day of June 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE