The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LINEHAN, on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.<br><br>Defendant. | No. C15-1012-JCC (Consolidated Actions)<br><br>ORDER, JUDGMENT AND DECREE GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, APPROVING ATTORNEY FEE AWARD, APPROVING CLASS REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING CLAIMS WITH PREJUDICE AS TO DEFENDANTS PHYSICIANS & DENTISTS CREDIT BUREAU, INC. AND JASON WOEHLER |

## I. FINDINGS OF FACT

1. On January 7, 2016, Plaintiff Joshua R. Auxier ("Auxier") filed a putative class action Complaint in United States District Court, Western District of Washington at Seattle, Case No. 2:16-cv-25 (the "Action") against Defendants Physicians & Dentists Credit Bureau and Jason Woehler (collectively, "Defendants"), on behalf of himself and a class of persons who had allegedly been sued in a debt collection action by the Defendants in a division of the King County District Court in which he and the putative class members did not reside, which allegedly



Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

constituted a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i.

2. On April 8, 2016, the Court consolidated Case No. 2:16-cv-25 with this action (Dkt. #38).

3. On October 26, 2016, Auxier filed his First Amended Complaint (Dkt. #245), which added James Duncan and Dixie Duncan (the "Duncans"), and Gennell Cordova ("Cordova") as additional Plaintiffs (with Auxier, collectively, the "Plaintiffs"), and added King County as a nominal defendant. All Plaintiffs, on behalf of themselves and a class of persons, alleged that they had been sued in a debt collection action by the Defendants in a division of the King County District Court in which they and the putative class members did not reside, which allegedly constituted a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i. The Plaintiffs also alleged that the Defendants had violated the Washington Consumer Protection Act, RCW 19.86.090, by suing them in a division of the King County District Court in which they and the putative class members did not reside.

4. Defendants deny Plaintiffs' allegations in the Action and contend, among other things, that (1) King County District Court constituted a unified district court, which authorized them to file their debt collection actions in any division of the district court, and (2) it would prevail in the Action if it proceeded.

5. On November 22, 2016, this Court denied Plaintiffs' Motion for Class Certification (Dkt. #257). On December 6, 2016, Plaintiffs filed with the Ninth Circuit Court of Appeals a Petition for Permission to Appeal this Court's denial of their Motion for Class Certification. The Petition for Permission to Appeal was denied on March 21, 2017.

6. The Defendants have identified approximately 2359 persons who were sued by them in a debt collection action in a division of the King County District Court where the defendants did not reside, from and after January 7, 2012.




Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

7. The parties have engaged in contested litigation and have exchanged substantial information about the facts underlying Plaintiffs' claims and the claims of the Members of the Settlement Classes. They have conducted extensive, arm's-length settlement discussions over the terms of the Settlement Agreement.

8. Based upon extensive analysis of the facts and the law applicable to Plaintiffs' claims, and taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals and the fair, cost-effective and assured method of resolving the claims of the Settlement Classes, Plaintiffs and Plaintiffs' Counsel have concluded that the Settlement Agreement provides substantial benefits to the Settlement Classes and is fair, reasonable, adequate and in the best interests of the Settlement Classes.

9. Although Defendants deny the assertions by the Plaintiffs in the Action, and deny any wrongdoing or liability to Plaintiffs or the putative class of any kind, Defendants have concluded that the Settlement Agreement is in their best interests to avoid the time, expense and management distraction of defending potentially protracted litigation.

10. This Court previously considered Plaintiffs' motion for preliminary approval of the Settlement Agreement, together with supporting materials, including the Settlement Agreement, the Notice Plan, and the proposed Class Notice. On June 1, 2017, this Court entered its Order Preliminarily Approving Class Action Settlement, Authorizing Distribution of Class Notice and Setting Final Approval Hearing (the "Preliminary Approval Order") (Dkt. #392). Among other things, the Preliminary Approval Order approved and directed the distribution of the Class Notice regarding the Settlement Agreement, set deadlines for the filing of requests for exclusion and objections, and set the date for the Final Approval Hearing.

11. The Settlement Administrator has submitted a declaration establishing that the



Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Class Notice to the Settlement Class was distributed as required by the Preliminary Approval Order.

12. On July 14, 2017, Plaintiffs' Counsel filed a motion seeking approval of an Attorney Fee Award and Class Representatives' Incentive Fees (Dkt. #393). On October 16, 2017, Plaintiffs' Counsel filed a motion seeking final approval of the Settlement Agreement.

13. On October 24, 2017, this Court held the Final Approval Hearing to consider, among other things, whether to grant final approval to (a) the Settlement Agreement, (b) Plaintiffs' Counsel's petition for an Attorney Fee Award and the Class Representatives' Incentive Fees, and (c) the entry of this Final Approval Order.

14. Having read, reviewed and considered the papers filed with this Court, the oral arguments of counsel, and the written and oral objections and comments of all those who appeared at the Final Approval Hearing, and based on the entire record in the Action, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the members of Settlement Classes and should be finally approved.

## II. ORDER, JUDGMENT AND DECREE

1. This Court has subject matter jurisdiction over the claims asserted in this proceeding including the claims that are the subject of the Settlement Agreement, has personal jurisdiction over the settling parties (including the persons in the Settlement Classes), and subject matter jurisdiction to approve the Settlement.

2. The parties have complied with the terms of the Preliminary Approval Order regarding the Notice Plan. Notice given to the members of the Settlement Classes was reasonably calculated under the circumstances to apprise the Settlement Classes of the pendency of this action, all material terms of the Agreement, their opportunity to exclude themselves from the Settlement Classes, to object to or to comment on the Settlement Agreement, and to appear at



Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

the Final Approval Hearing. The notice was reasonable and thc best notice practicable under the circumstances, was due, adequate, and sufficient notice to all members of the Settlement Classes, and complied fully with the Federal Rules of Civil Procedure and federal constitutional due process, and any other applicable rules of the Court. Members of the Settlement Classes were provided a full opportunity to participate in the Final Approval Hearing, and all members of the Settlement Classes and other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Settlement Classes, except those who have timely and properly excluded themselves from the Settlement Class, are bound by the Agreement and this Final Approval Order.

3. Two Class Members timely delivered requests to exclude themselves from the Agreement to the Settlement Administrator. Both opt outs also timely delivered properly completed Claims to the Settlement Administrator. Class Counsel is directed to communicate with these two Class Members to attempt to clarify if they wish to be excluded from the Settlement or wish to receive a Settlement payment. If these Class Members do not clarify with Class Counsel their intentions within thirty days of the date such communication is mailed to them, these Class Members will be considered to be bound by the Agreement. Class Counsel is directed to file a declaration following the thirty-day period to inform the Court of the clarification effort. If Class Counsel identifies either or both of the Class Members in the declaration as having clarified and requesting to be excluded from the Agreement, any such Class Member shall be deemed to have opted out of the Agreement, and will not be bound by the Agreement or this Final Approval Order.

4. The Settlement Classes (as defined in the Preliminary Approval Order) are granted final certification for purposes of the Settlement.

5. The Court hereby grants final approval to the Settlement Agreement and finds that



Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

it is fair, adequate and reasonable, and in the best interests of the members of the Settlement Classes as a whole. The parties entered into the Settlement Agreement after contested litigation and in good faith after extensive, non-collusive and arm's-length negotiations. The Court has considered and overrules all of the filed objections, if any.

6. Neither this Final Approval Order nor the Settlement Agreement is an admission or indication by the Plaintiffs or Defendants of the validity or invalidity of any claims in the Action or of any liability or wrongdoing. This Final Approval Order and the Settlement Agreement are not a concession, and neither of them shall be used as an admission or indication with respect to any claim of any wrongdoing, fault or omission by the Plaintiffs or Defendants or any other person in connection with any transaction or occurrence or any statement, release or written document issued, filed or made.

7. Plaintiffs and all members of the Settlement Classes shall be and hereby are conclusively deemed to have fully, finally, and forever released and discharged the Defendants from the claims released pursuant to the Settlement Agreement. This release is binding and effective on each member of the Settlement Classes and any of their predecessors, successors, partners, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, marital communities, heirs, executors, trustees, and administrators.

8. Plaintiffs and all members of the Settlement Classes are hereby barred and permanently enjoined from prosecuting, commencing or continuing any proceedings against the Defendants concerning claims released pursuant to the Settlement Agreement.

9. Without affecting the finality of this Final Approval Order, the Court reserves continuing jurisdiction over the Parties to the Agreement and the members of the Settlement Classes, to administer, supervise, construe and enforce the Agreement in accordance with its terms.



Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

10. The Settlement Agreement is approved and expressly incorporated herein by this reference. The parties shall consummate the Settlement Agreement according to its terms.

11. Without prejudice to the Opt Outs and any other party to this consolidated action, Plaintiffs' claims against Defendants are dismissed with prejudice and without an award of costs or fees to any party except as provided below.

12. Plaintiffs' Counsel's request for an Attorney Fee Award, is approved in the amount of $ 98,000, which includes their litigation costs. The Defendants shall pay the Attorney Fee Award pursuant to the provisions of the Settlement Agreement. The Settlement Administrator shall pay the Attorney Fee Award by delivering a check payable to the Trust Account of Beckett Law Offices, PLLC, pursuant to the provisions of the Settlement Agreement.

13. Plaintiffs' request for the Class Representatives' Incentive Fees is approved in the amount of $2,500 each for Auxier, the Duncans, and Cordova. Defendants shall pay the Class Representatives' Incentive Fees pursuant to the provisions of the Settlement Agreement. The Settlement Administer shall pay the Attorney Fee Award by delivering a check in the amount of $7,500 payable to the Trust Account of Beckett Law Offices, PLLC, pursuant to the provisions of the Settlement Agreement.

14. The Settlement Administrator shall calculate the amount payable to each Settlement Class Member who makes a Claim, pursuant to Paragraph 3(c) of the Agreement. The Settlement Administrator shall mail Settlement Payment checks to each member of the Settlement Classes who makes an allowed Claim, within twenty (20) calendar days after the Effective Date.

15. Settlement Payment checks will be valid and will only be paid if they are cashed on or before 90 days from their execution date. The checks shall include a legend stating that after the expiration of 90 days from their date, they will be invalid, cannot be cashed and will not



Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

be honored.

16. At the conclusion of the 90-day check expiration date, the Settlement Administrator shall distribute and pay the total of the value of the uncashed Settlement Payment checks as provided in Paragraph 3(c) of the Agreement.

17. If the Settlement does not become effective as provided in the Agreement, then this Final Approval Order shall be rendered null and void and shall be vacated. In such event, all orders entered in connection with the Settlement (including, without limitation, this Order and the Preliminary Approval Order) shall be vacated and the Plaintiffs and Defendants shall return to their respective litigation positions as of the date immediately preceding the entry of the Preliminary Approval Order. The Parties shall jointly request the Court to hold a scheduling conference for the purpose of establishing a new case schedule.

IT IS SO ORDERED.

DATED this 24th day of October, 2017.

Hon. ~~John C. Coughenour~~ Marsha J. Pechman




Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346